Jimmy **MAYS**, Plaintiff,

v.

Curwood **HUNTER**, M.D., Defendant.

No. C–1–88–0317.

United States District Court,
S.D. Ohio, W.D.

July 28, 1989.

Michael Bowling, Middlesboro, Ky., Charles Cole, Hamilton, Ohio, for plaintiff.

Joseph Dilts, Cincinnati, Ohio, for defendant.

## ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court upon the renewed motion of defendant Curwood Hunter, M.D. for summary judgment (Doc. No. 33). The parties have filed extensive memoranda in opposition to and in support of such motion (Doc. Nos. 36, 37, 38 and 41). The Court has also considered previous pleadings filed in regard to such motion (Doc. Nos. 18, 21, and 25). For the reasons contained herein, defendant's motion is hereby GRANTED and plaintiff's complaint is hereby DISMISSED.

## I. PROCEDURAL HISTORY

On February 7, 1989, defendant Curwood Hunter, M.D. filed a motion for summary judgment based upon an argument that plaintiff's claim was time barred under the applicable statute of limitations (Doc. No. 18). On February 28, 1989, this Court is-

sued an order which determined that a genuine issue of material fact existed as to the accrual date of the cause of action (Doc. No. 26). At that time, this Court denied defendant Hunter's motion for summary judgment until the depositions of Doctors Burkhardt and Ausmus were conducted. Upon the completion of those depositions, this Court reserved the right to entertain a re-submission of defendant's motion for summary judgment. Accordingly, such depositions have been completed and a resubmission of defendant's motion for summary judgment has been filed.

## II. FACTUAL BACKGROUND

The relevant facts to this motion are relatively brief. On July 30, 1980, the plaintiff injured his back during the course of his employment. Plaintiff first underwent surgery for this injury in September, 1980. The plaintiff's back problems continued and he was referred to Dr. Curwood Hunter for further evaluation. Plaintiff initially saw Dr. Hunter on July 7, 1982 in Dr. Hunter's office in Cincinnati, Ohio. On August 10, 1983, plaintiff underwent back surgery by Dr. Hunter in which the doctor performed a partial laminectomy at L5–S1 with excision of a herniated intervertebral disc. The plaintiff continued to see Dr. Hunter for post-operative treatment, however, this physician/patient relationship was terminated on December 16, 1983.

Between 1983 and 1985 plaintiff sought treatment from various physicians for continuing back problems. In March 1985, plaintiff began treatment with a chiropractor, Dr. James Ausmus. Dr. Ausmus subsequently referred the plaintiff to an orthopedic surgeon, Dr. J. McDonald Burkhardt, for an additional diagnosis. Dr. Burkhardt indicated that subsequent surgery was necessary and the plaintiff was admitted to a hospital for surgery on May 19, 1985. On May 20, 1985, Dr. Burkhardt performed a decompressive laminectomy. The plaintiff was discharged from the hospital on May 28, 1985. Mr. Mays continued to experi-

ence chronic back pain and consulted an attorney about such condition. On August 7, 1987, plaintiff filed the present action against Dr. Hunter alleging "medical malpractice".

## III. LEGAL STANDARDS

The jurisdiction asserted in this matter is pursuant to 28 U.S.C. § 1332, diversity of citizenship, with the amount in controversy exceeding ten thousand dollars ($10,000) exclusive of costs and interest.[1] Since this matter is a diversity action, the substantive law applicable is the law of the forum, that being the State of Ohio. *Erie Railroad Company v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The statute of limitations applicable to a medical malpractice claim in Ohio is set forth in Ohio Revised Code § 2305.11(A). It provides that:

> An action for ... malpractice, including an action for malpractice against a physician ... should be brought within one year after the cause of action thereof accrued....

The standard for determining the accrued date of a cause of action for medical malpractice is set forth in *Hershberger v. Akron City Hospital,* 34 Ohio St.3d 1, 516 N.E.2d 204 (1987). In *Hershberger* the Supreme Court of Ohio held that:

> In a medical malpractice action, for the purposes of determining the accrual date in applying the statute of limitations under O.R.C. § 2305.11(A), the trial court must look to the facts of the particular case and make the following determinations:
>
> (1) When the injured party became aware or should have become aware of the extent and seriousness of his condition;
>
> (2) Whether the injured party was aware or should have been aware that such condition was related to a specific professional medical service previously rendered to him;

---

1. 28 U.S.C. § 1332 was amended to state "with the amount in controversy exceeding fifty thousand ($50,000) exclusive of costs and interest [Pub.L. 100–702, Title II, § 202, Nov. 19, 1988, 102 Stat. 4646] and is applicable to claims in civil actions commenced or removed to the United States District Courts on or after May 18, 1989.

(3) Whether such condition would put a reasonable person on notice of need for further inquiry as to the cause of such condition.

Defendant has maintained the previously asserted position that plaintiff learned of his condition and was fully aware of the extent and seriousness of his back problems in the Spring of 1985 during his discussions with Dr. Burkhardt and Dr. Ausmus. It is critical to the outcome of this litigation that this Court set forth the standard applicable to a motion for summary judgment and subsequently summarize the evidence presented thus far.

The summary judgment procedure under Federal Rule of Civil Procedure 56 is designed to secure a just, speedy, and inexpensive determination of any action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). However, Rule 56(c) permits the Court to grant summary judgment as a matter of law *only* after the moving party has identified as the basis of its motion "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" which demonstrate the absence of any genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2553. The party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (*quoting, First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)). The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513 (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970)). The function of the court is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510. There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510 (*citing Cities Service*, 391 U.S. at 288–89, 88 S.Ct. at 1592–1593). If the evidence is merely colorable, *Dombrowski v. Eastland*, 387 U.S. 82, 87 S.Ct. 1425, 18 L.Ed.2d 577 (1967) or is not significantly probative, *Cities Service*, 391 U.S. at 290, 88 S.Ct. at 1593, judgment may be granted. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510.

## IV. EVIDENCE PRESENTED

In support of defendant's renewed motion, defendant has submitted answers to interrogatories, specifically to Question 7(c), which requested plaintiff to state the inclusive dates during which plaintiff suffered from any injury, illness or disability. Plaintiff's response to such question was that:

> ... After I was operated on by Dr. Burkhardt, I asked him why I hadn't improved after Dr. Hunter's surgery and he replied that, "he took out the wrong disc". [Doc. No. 33 Ex. A]

The plaintiff further testified under oath in his deposition to the verifiability of this conversation (Dep. Pgs. 72–73).

In direct contradiction to these sworn statements by plaintiff is deposition testimony by Dr. Burkhardt who stated:

> "that he is very certain that he never told Jimmy Mays that he had malpractice on his back. (Dep. Pgs. 15–16).

Dr. Burkhardt further testified that he also did not state such a condition to any other physician who participated in the plaintiff's care (Dep. Pgs. 29–30). The submission of this testimony in support of plaintiff's position creates great concern by the Court whether there is a genuine issue of material fact as to the accrual date of this cause of action.

However, as the Court previously expressed it also has substantial interest in the deposition testimony of Dr. James Ausmus. Defendant has presented evidence that plaintiff testified under oath that

"Dr. Ausmus told me that he thought Dr. Hunter had taken out the wrong one, and that's when he sent me to Burkhardt." (Dep. Pgs. 76–77).

This point is further substantiated through Dr. Ausmus' testimony that:

"I may have told him that I suspected, most certainly I may have because I did suspect another problem. And I probably did relay that to the patient." (Dep. Pg. 67)

In order to contradict this testimony the plaintiff has submitted an affidavit which states:

"I have come to the conclusion that it was in September of 1986 when I first began to understand that I might have been operated on in the wrong place. Before that period, all I remember was a lot of discussion between doctors about my back problems; but never any real idea that something had been done wrong."

Plaintiff suggests that this is corroborated by the fact that he was ingesting significant amounts of pain killers during this time period as well as going through numerous surgeries, consultations and examinations. Plaintiff further suggests that since these drugs alone could cause faulty memory there is reasonable basis for plaintiff's faulty memory and changed testimony.

The Court is now faced with contradictory testimony as to the accrual date of the cause of action. Although plaintiff believed at one time he was informed by Dr. Burkhardt of the alleged malpractice, Dr. Burkhardt's testimony reveals that plaintiff is mistaken. Nevertheless, plaintiff further testified that Dr. Ausmus informed him of the alleged malpractice which was corroborated by the testimony of Dr. Ausmus. It is plaintiff's subsequent affidavit that he was mistaken that creates a situation where the Court must determine whether a genuine issue of material fact exists.

The Court has acknowledged defendant's reliance upon the doctrine that a *party* to an action cannot avoid summary judgment by submitting contradictory and inconsistent testimonial assertions. *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361 (8th Cir.1983); *Perma Research and Development Co. v. The Singer Co.*, 410 F.2d 572 (2nd Cir.1969); *Long v. Lohmeyer*, Case No. CA–6983, slip op., 1987 WL 9090 (5th Dist.Ct.App., Ohio) (March 30, 1987). Plaintiff argues that all of these Courts determined that under the circumstances presented, despite the plaintiff's affidavit being in direct contradiction to his earlier deposition testimony, it did not create a genuine issue as to any material fact which could preclude the entry of summary judgment for the defendant under Rule 56.

This Court is further mindful that "It is well established that a party cannot create a genuine issue of fact by submitting an affidavit containing conclusory allegations which contradict plain admissions in prior deposition or otherwise sworn testimony." *Diliberti v. United States*, 817 F.2d 1259, 1263 (7th Cir.1987); *see also Adelman–Tremblay v. Jewel Cos., Inc.*, 859 F.2d 517, 520–21 (7th Cir.1988); *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 861–62 (7th Cir.1985); *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1366 (8th Cir.1983). If testimony under oath can be abandoned many months later by the filing of an affidavit, it is highly likely that no cases would be appropriate for summary judgment. Thus, a party should not be allowed to create issues of credibility by contradicting his own earlier testimony. *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1365 (8th Cir.1983).

However, this Court recognizes that there may be situations in which sworn testimony can quite properly be corrected by a subsequent affidavit. Where the witness was confused at the earlier deposition or for some other reason misspoke, the subsequent correcting or clarifying affidavit may be sufficient to create a material dispute of fact. *Martin v. Merrell Dow Pharmaceuticals*, 851 F.2d 703 (3d Cir. 1988); *see e.g., Lane v. Celotex Corp.*, 782 F.2d 1526 (11th Cir.1986).

The plaintiff has suggested that he was confused at his earlier deposition and the Court observes that plaintiff was faulty in

statements made by Dr. Burkhardt to him. However, the Court is compelled to recognize plaintiff's statement, which were corroborated by Dr. Ausmus' testimony, that he was made aware of the alleged malpractice in March of 1985.

■ After carefully reviewing the depositions filed, this Court finds that the plaintiff was carefully examined at length during his deposition and the date plaintiff was made aware of his condition, a fact of considerable importance, was the subject of repeated questioning. There is clearly and unequivocally no attempt by counsel to confuse, mislead or badger the plaintiff. This Court further finds that plaintiff has not presented satisfactory explanation for the contradiction in prior testimony but rather the objectives of summary judgment would be seriously impaired if this Court were not free to disregard the conflicting affidavit. See also *Franks v. Nimmo*, 796 F.2d 1230 (10th Cir.1986); *Miller v. A.H. Robins Co.*, 766 F.2d 1102 (7th Cir.1985). Therefore this Court finds plaintiff was aware of the extent and seriousness of his condition in March of 1985. Furthermore, plaintiff was advised that his condition was related to specific professional medical service previously rendered to him. Finally, this Court finds that plaintiff's condition in the spring of 1985 would have put a reasonable person on notice for further inquiry as to the cause of such condition. Accordingly, plaintiff's affidavit does not create a genuine issue of material fact to preclude the granting of summary judgment.

### V. CONCLUSION

In light of the standard set forth in *Hershberger*, since this action was filed on August 7, 1987, this Court finds that plaintiff's action is precluded by the applicable statute of limitations in O.R.C. § 2305.11(A). Accordingly, defendant's motion for summary judgment is hereby GRANTED and plaintiff's complaint is hereby dismissed.

IT IS SO ORDERED.