960 F.2d 149
 1992 A.M.C. 2925
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Captain RUSSELL, Vaughn Moore, Plaintiff-Appellant,
v.
The OHIO RIVER COMPANY and Midland Enterprises, Inc.,
Defendants-Appellees.
 No. 91-5940.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This case arises from a complaint filed under the Jones Act, 46 U.S.C. § 688, by Captain Russell Vaughn Moore, an American seaman, against his former employer to recover damages for loss of hearing. The district court granted summary judgment for the defendants. For the reasons set forth below, we affirm.
 
 
 2
 * Moore was employed from 1971 through 1987 as a deckhand and watchman by The Ohio River Company ("the Company") aboard vessels owned by Midland Enterprises, Inc. Moore last worked aboard a company vessel on December 7, 1987, although he did not officially retire from the company until September 1990.[1] On October 19, 1990, Moore brought this suit, alleging that his exposure to noise while working aboard these vessels had injured his ears, resulting in permanent hearing loss.
 
 
 3
 In deposition, Moore testified that he had been exposed to loud noise aboard the vessels, which had caused ringing and hearing loss as much as six to seven years earlier. Moore also testified that his wife had complained of his loss of hearing during the past six to seven years and that he had noticed trouble hearing televisions, telephones, doorbells, and similar sounds for the past six to seven years. Moore stated that he had attributed this ringing and his diminished hearing to working aboard the boats at least six years ago. At that time, Moore had his hearing tested and was told he had suffered a hearing loss. Similarly, Moore testified that while discussing his hearing loss with his wife, he attributed it to his job aboard the boats.
 
 
 4
 Based on this testimony, the district court granted summary judgment to the defendants, holding that plaintiff's complaint was barred under the Jones Act, 46 U.S.C. § 688, which provides a three-year statute of limitations. Plaintiff appeals, arguing that his deposition testimony contains conflicting information about when, for statute of limitations purposes, he actually knew about his hearing loss. Moore maintains that, as his testimony indicates, he did not know his hearing impairment was directly related to his employment until he visited Dr. Sherman E. Hatfield on August 9, 1990, and that before that he had merely attributed his hearing loss to getting older.
 
 II
 
 5
 This court reviews summary judgment de novo and it uses the same test as used by the district court. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Under Rule 56(c), Fed.R.Civ.P., summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). As to materiality, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be genuine, the dispute must concern evidence upon which "a reasonable jury could return a verdict for the nonmoving party." Ibid.
 
 
 6
 To meet this standard, the moving party need not support its motion with affidavits or other similar materials "negating " the opponent's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (original emphasis). "[T]he burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. It requires a determination of whether the party bearing the burden of proof has presented a jury question as to each element of its case. Celotex, 477 U.S. at 322; Taylor v. Medtronics, Inc., 861 F.2d 980, 987 (6th Cir.1988). In other words, the movant is challenging "the opposing party to 'put up or shut up' on a critical issue." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir.1989).
 
 
 7
 The test for summary judgment is the same as a directed verdict: "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. Accordingly, viewing the evidence in a light most favorable to the nonmoving party, the court should determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52.
 
 III
 
 8
 For statute of limitation purposes, the general rule is that a tort cause of action accrues when there has been a violation of legally protected interests. Hicks v. Hines, 826 F.2d 1543, 1544 (6th Cir.1987). If greater than de minimis harm is discernable at the time of the tortious event, then the "time of the event" rule applies. Ibid. However, if the injured person sustains an injury that cannot itself reasonably be discovered, or the cause of which cannot reasonably be discovered, until some time following the tortious event, courts often apply the "discovery" rule, tolling the running of the statute of limitations until the date by which the plaintiff reasonably should have discovered both cause and injury. Hicks, 826 F.2d at 1544.
 
 
 9
 Here, the district court, correctly applying the discovery rule, held that Moore had been aware of his hearing loss at least six to seven years prior to filing his suit in October 1990 and that the three-year statute of limitations barred plaintiff's claim.
 
 
 10
 We agree that Moore's deposition tells just one story, self-awareness by Moore for six to seven years that he had a hearing loss attributable to his work aboard vessels. On appeal, plaintiff argues that there is conflicting testimony on this issue of attribution, thus raising a material issue of fact that needs to be resolved at trial. Moore's argument is that he was unaware of any hearing loss or its relationship to his work, until he was so informed by a doctor in October 1990. Counsel for the appellant relies on two statements in Moore's deposition. First is the statement that Moore did not complain to Dr. Trent about his hearing problem until "less than three years ago." However, this testimony is irrelevant, as Moore only began seeing Dr. Trent three years ago. Second, there is Moore's testimony stating "I never realized it being caused by anything. I didn't know what reason. I knew for some reason I was going deaf." Finally, appellant's counsel argues that Moore's deposition testimony and affidavit attribute this loss to Moore's getting older.
 
 
 11
 However, the district court judge dismissed these admissions as merely the result of Moore "forgetting his coaching." Importantly, Moore's statement that he had attributed his hearing loss to getting older is contradicted many times elsewhere in his deposition, which is replete with testimony where he did attribute his hearing loss to his work aboard boats.
 
 
 12
 When you talked to your wife about the problems you were having with your hearing six or seven years ago, is that something you thought was related to the boats?
 
 
 13
 I attributed it to the boats, yes.
 
 
 14
 Appellee argues that plaintiff cannot "boot strap" himself into an issue of fact by self-serving declarations that contradict his own admissions. In Albertson v. T.J. Stevenson & Co., Inc., 749 F.2d 223 (5th Cir.1984), the court granted summary judgment in favor of a shipping company where an electrician had been exposed to undiluted trichloroethylene. The court noted that on a motion for summary judgment
 
 
 15
 [a]lthough the court must resolve all factual inferences in favor of the nonmovant, the nonmovant cannot manufacture a disputed material fact where none exists. Thus, the nonmovant cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without explanation, his previous testimony.
 
 
 16
 Albertson, 749 F.2d at 228. See also Mays v. Hunter, 717 F.Supp. 1247 (S.D.Ohio 1989).
 
 
 17
 Moore's affidavit, which he filed after summary judgment was granted, maintains that he attributed his hearing loss to old age. However, although he did mention old age once, his affidavit contradicts and misconstrues the clear implications of his deposition testimony, where he repeatedly attributed his hearing loss to his work aboard the vessels. Such an affidavit can not be used as a tool to try to overturn a summary judgment ruling. "A party may not create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts her earlier testimony." Reid v. Sears, Roebuck and Co., 790 F.2d 453, 460 (6th Cir.1986).
 
 
 18
 Based on the above reasoning, we AFFIRM the district court's grant of summary judgment for the defendants. We hold that the deposition testimony supports only one story and Moore's post-summary judgment affidavit cannot create a genuine issue of material fact.
 
 
 
 [1]
 This late retirement date was the result of a settlement agreement reached over a earlier lawsuit Moore had brought in connection with an unrelated hip injury he incurred in March 1986