FISHER, APPELLANT, *v.*
DEERHAKE ET AL., APPELLEES.

(No. 5-86-20 — Decided November 10, 1987.)

*George C. Ward,* for appellant.
*Jack M. Lenavitt* and *Mark L. Schumacher,* for appellees.

EVANS, J. This is an appeal from a decision by the Court of Common Pleas of Hancock County granting summary judgment in favor of the defendants and against the plaintiff, John Fisher, on the grounds that the plaintiff's claim was barred by the applicable statute of limitations.

On July 1, 1983, appellant, John Fisher (hereinafter "Fisher") presented himself at the emergency room of Blanchard Valley Hospital with a complaint about his right arm and shoulder. He was seen by defendant-appellee, Dr. Richard Deerhake (hereinafter "Deerhake"). Fisher detected no improvement in his shoulder so he returned to the emergency room on July 11, 1983 and this time was seen by defendant-appellee, Dr. Alcott (hereinafter "Alcott"). Thereafter Fisher was seen as a private patient by the defendants until November 1983. At that time Fisher was referred to Ohio State University Hospitals where a surgical procedure was performed on his shoulder on November 28, 1983.

Following his release from Ohio State University Hospitals, Fisher developed a chronic decubitus ulcer which ultimately required his admis-

sion to Medical College of Ohio for treatment. While a patient at that facility, he was advised by his attending physician that his shoulder condition was permanent and may have resulted from neglectful care on the part of Dr. Deerhake. According to Fisher, this information came to him on or about October 20, 1984. On August 19, 1985, Fisher filed his complaint against Deerhake. Dr. Alcott was joined as a defendant when the amended complaint was filed.

On these facts summary judgment was granted in favor of defendants on the grounds that Fisher's claim was barred by the one-year statute of limitations which applies to medical malpractice claims.

Fisher asserts one assignment of error as follows:

"The court below erred in granting summary judgment to the defendants for the reason that plaintiff John Fisher's cause of action did not accrue, and the one-year statute of limitations did not commence to run, until October 20, 1984 when plaintiff was advised that he had a permanent injury to his shoulder and that said injury may have resulted from neglect on the part of his treating physician."

Civ. R. 56(C) authorizes the granting of a summary judgment under the following circumstances:

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only

therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

At the time the trial court granted appellees' motion for summary judgment the following documents were before the court:

1.  the complaint filed August 19, 1985;

2.  the answer of Deerhake filed November 4, 1985;

3.  the amended complaint of Fisher filed November 14, 1985;

4.  the answer of Deerhake and Alcott to the amended complaint filed November 18, 1985;

5.  the motion of Deerhake and Alcott for summary judgment filed April 24, 1986 with the following attachments:

(a)  letter from Blanchard Valley Medical Associates re Fisher;

(b)  letter from Orthopaedic Consultants, Inc. of Columbus, Ohio, re Fisher;

(c)  affidavit of Deerhake concerning his care of Fisher;

(d)  affidavit of Alcott concerning his care of Fisher;

6.  supplement to Motion for Summary Judgment filed May 2, 1986 with the following attachments:

(a)  answers by Fisher to interrogatories of the defendants;

(b)  copy of Report of Operation from the Ohio State University Hospitals on the Fisher surgery;

7.  plaintiff's memorandum in opposition to defendant's motion for summary judgment, filed May 9, 1986 with the following attachments:

(a)  affidavit by William B. Fischer, M.D. stating that in the opinion of the affiant the defendants in this case negligently departed from the ac-

cepted standard of care in their treatment of Fisher;

(b) affidavit by Fisher that information concerning his condition came to him for the first time on October 20, 1984.

In order to correctly grant a motion for summary judgment against the plaintiff it is necessary that the trial court find from the facts contained in the documents listed above that Fisher discovered, or in the exercise of reasonable diligence should have discovered, the injury which is the result of the alleged malpractice on or before August 19, 1984, or more than one full year before the complaint was filed on August 19, 1985.

As we view the facts, there is nothing in the record to indicate that Fisher was told anything by his doctors from July 1, 1983 through August 19, 1984. There are letters from consulting physicians and a detailed report on Fisher's surgery at Ohio State University Hospitals, but nothing to show that this information was ever shared with Fisher. It appears that Fisher was treated conservatively by Deerhake and Alcott with medication for approximately four months. Fisher did not respond to this treatment, so he was referred to Columbus where a more radical treatment involving surgery was undertaken.

We find nothing in this series of events which could have or should have alerted Fisher to the fact that he may have been the victim of malpractice and that he had a resulting injury. The record does not establish that the condition of Fisher's shoulder, as determined during the course of the surgery, was explained to Fisher after the operation. Of course Fisher suffered pain in his shoulder after the operation and experienced an inability to use his arm. This would be the natural consequence of the surgery, but it is not sufficient to immediately put Fisher on notice concerning an injury resulting from malpractice.

At this point the record falls silent until October 1984, when Fisher says he was told by a doctor at Medical College of Ohio about the condition of his shoulder. Thus we are left with the passage of time as the sole evidence upon which to conclude that Fisher, in the exercise of reasonable diligence, should have discovered his injury before August 19, 1984. In the absence of additional facts in the record concerning the care and treatment of Fisher during the period following his surgery, we conclude that it would be impossible for the trial court to determine when, in the exercise of reasonable diligence, Fisher should have discovered his injury. Without additional facts and based solely on the passage of time, reasonable minds could come to different conclusions concerning the answer to this question. Under these circumstances it was improper to grant summary judgment for defendants.

We point out that we do not accept the theory of Fisher that the statute did not commence to run until he was told that he had a *permanent* injury which was the result of neglect on the part of his treating physician. Our decision in this matter is based on the state of the record which we find to be insufficient to conclusively establish when Fisher discovered, or in the exercise of reasonable care and diligence, should have discovered any improper diagnosis or treatment by defendants. Plaintiff's assignment of error is sustained. Hence, the judgment of the trial court is reversed and the cause is remanded for further proceedings.

We reverse the judgment of the trial court and remand the cause for further proceedings.

*Judgment reversed and cause remanded.*

Shaw and Connors, JJ., concur.

Connors, J., of the Sixth Appellate District, sitting by assignment in the Third Appellate District.