**McKOY et al., Appellants,**

v.

**FURLONG, Appellee.**

[Cite as *McKoy v. Furlong* (1990), 69 Ohio App.3d 62.]

Court of Appeals of Ohio,
Butler County.

No. CA89–01–013.

Decided Aug. 6, 1990.

*Roderer, Zimmers, Harker & Leppla, Paul B. Roderer* and *Gary J. Leppla,* for appellants.

*Baden, Jones & Scheper* and *James H. Scheper,* for appellee.

*Per Curiam.*

Plaintiffs-appellants, Patty A. and Marvin McKoy, appeal a jury verdict rendered in their medical malpractice claim against defendant-appellee, Thomas E. Furlong, M.D.

Patty McKoy was appellee's patient from 1976 until 1985, when she had surgery for breast cancer. On July 27, 1983, McKoy had a regular checkup with appellee, including a Pap smear and breast exam. Appellant testified that she informed appellee she had discovered a lump in her left breast during a routine self-examination. Appellant claimed that appellee confirmed the lump's existence but told appellant there was no reason for concern. Appellee had no independent recollection of appellant's claim regarding the lump's existence. He did testify, however, that when he asked appellant if she had any general health concerns, she did not respond. There was also evidence that appellant did not voice any concerns to appellee's physician's attendant. Finally, it is undisputed that appellee's medical records contain no mention of a lump during appellant's July 27 visit, although appellee testified he would have made an appropriate notation in appellant's record if she had mentioned the discovery of a lump. Appellee instructed appellant to return in one year for a similar examination.

Appellant did not return until November 6, 1985, over two years after her last visit. During this subsequent visit, appellee discovered a lump in appellant's left breast and ordered an immediate mammogram. A biopsy performed that same date revealed the presence of cancerous matter. Consequently, a radical mastectomy was performed on appellant on November 29, 1985.

Appellants filed their malpractice action against appellee on April 27, 1987. Trial by jury commenced on December 12, 1988. Over appellants' objection, the trial court instructed the jury that it could consider Patty McKoy's own negligence as it related to appellee's alleged failure to properly diagnose her cancer. In addition, the trial court instructed the jury that it could also consider the applicability of the statute of limitations to appellants' action.

The jury returned a general verdict in favor of appellee accompanied by interrogatories in which the jurors found that Patty McKoy committed acts of negligence which directly and proximately caused her own injuries and damages. The jury also apportioned one hundred percent of the negligence to Patty McKoy while attributing no negligence to appellee.

Appellants filed a timely notice of appeal and assert two assignments of error which read as follows:

Assignment of Error No. 1

"The trial court erred by instructing the jury to consider the negligence of the plaintiff in its deliberation, in the absence of evidence that the plaintiff engaged in negligence which was both simultaneous and cooperating with that of the defendant physician."

Assignment of Error No. 2

"The trial judge erred in instructing the jury to consider the applicability of the statute of limitations to the facts of the case."

■ In their first assignment of error, appellants argue that the trial court improperly instructed the jury on the issue of the alleged negligence of Patty McKoy. Specifically, the court instructed the jury that:

"A patient is required to exercise ordinary care for her own well-being and should accept and obey all reasonable advice given to her after she has left the doctor's office. A failure to do so may be a failure to use ordinary care for her own well-being. If you find by the greater weight of the evidence that Patty McKoy failed to exercise ordinary care, then she was negligent.

"Dr. Furlong claims that Mrs. McKoy was negligent in failing to perform self-examinations of her breast and, or, in failing to follow his instructions as to follow-up care and that such failure or failures directly and proximately caused the McKoys' injuries and damages."

According to appellants, the jury instruction on comparative negligence was unwarranted since there was no evidence of negligent conduct on the part of Patty McKoy. Appellee contends that Patty McKoy gave an inaccurate medical history which constituted negligence on her part and inhibited appellee's discovery and diagnosis of the cancer. In addition, appellee emphasizes Patty McKoy's failure to exercise reasonably prudent care by ignoring appellee's advice to have another breast examination within a year and by failing to do self-examinations.

■ The failure to provide an accurate patient history may preclude a finding of negligence on the part of a treating physician. See *Seley v. G.D. Searle & Co.* (1981), 67 Ohio St.2d 192, 208–209, 21 O.O.3d 121, 130–132, 423 N.E.2d 831, 842–843. Appellants' response is that there were allegations, but no evidence, that Patty McKoy provided an inaccurate medical history. More to the point, however, is appellants' argument that the trial court's instruction ignored the requirement that negligence on the part of a patient in a medical malpractice action must be contemporaneous with the fault of the defendant in order to constitute a bar to the recovery of damages. *Bird v. Pritchard* (1973), 33 Ohio App.2d 31, 62 O.O.2d 96, 291 N.E.2d 769.

Appellants take the position that if Patty McKoy's failure to adhere to appellee's instructions constituted negligence, such was subsequent to and not contemporaneous with appellee's negligent failure to properly diagnosis the existence of cancer during the July 27, 1983 examination.

Although the parties hotly contest Patty McKoy's alleged failure to provide an accurate medical history, there is nevertheless some evidence to suggest

she did not give any indication of an existing problem and failed to disclose her suspicions regarding the presence of a lump during the July 27 examination. If true, such would provide the basis for the contemporareous negligence required under *Bird, supra.*

Even assuming, *arguendo*, that there was insufficient evidence of contemporaneous negligent conduct on the part of Patty McKoy, any error in the trial court's instruction on comparative negligence is harmless in view of the jury's determination that appellee was not negligent. According to the interrogatories, the jury found Patty McKoy to be one hundred percent negligent while finding no negligence on the part of appellee which directly and proximately caused injury to appellants. Consequently, even if Patty McKoy's only negligent conduct pertained to her failure to follow appellee's instructions subsequent to the July 27 visit, there was no negligence by appellee which would warrant a recovery. For these reasons, the first assignment of error is overruled.

In their second assignment of error, appellants contend the trial court improperly instructed the jury to consider the applicability of the statute of limitations.

Under R.C. 2305.11(B)(1):

" * * * [A]n action upon a medical * * * claim shall be commenced within one year after the action accrued, except that, if prior to the expiration of that one-year period, a claimant who allegedly possesses a medical * * * claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given."

The presence of cancer was clearly confirmed in November 1985, which appellants claim is the time at which their cause of action accrued. On October 30, 1986, appellants extended the limitation period by serving written notice upon appellee that they were considering bringing an action upon their claim. Appellee contended that Patty McKoy, if a reasonable person, would have been aware of her condition long before November 1985. In determining the accrual date of a resulting injury when applying the statute of limitations under R.C. 2305.11, the facts of each particular case must be examined to make the following determinations: when the injured party became aware, or should have become aware, of the extent and seriousness of the condition; whether the injured party was aware, or should have been aware, that the condition was related to a specific medical service previously rendered; and whether such condition would put a reasonable person on notice of the need

for further inquiry as to the cause of such condition. *Hershberger v. Akron City Hosp.* (1987), 34 Ohio St.3d 1, 516 N.E.2d 204; *Allenius v. Thomas* (1989), 42 Ohio St.3d 131, 538 N.E.2d 93.

In *Pump v. Fox* (1961), 113 Ohio App. 150, 157, 17 O.O.2d 129, 132, 177 N.E.2d 520, 525, the Sandusky County Court of Appeals held that a trial court erroneously granted a directed verdict in a medical malpractice action where the evidence is such that reasonable minds could reach different conclusions or draw different inferences upon issues of fact related to a statute of limitations question. In such a situation, a directed verdict should be denied and the issue submitted to the *jury* under appropriate instructions. Although this decision dealt with the issue as to whether the physician-patient relationship had terminated more than one year prior to the commencement of the action, similar judgments have been reversed on other issues related to the statute of limitations question. See *Fisher v. Deerhake* (1987), 41 Ohio App.3d 139, 534 N.E.2d 930 (summary judgment should not be granted on the basis of the statute of limitations where the record is insufficient to conclusively establish when the patient discovered, or in the exercise of reasonable care and diligence, should have discovered, any improper diagnosis or treatment by the defendant).

Although the statute of limitations is normally a question for the court, it was proper to submit the issue to the jury given the presence of conflicting evidence as to whether Patty McKoy, if a reasonable person, should have or would have discovered her problem long before November 1985. In any event, we cannot determine whether the jury's general verdict was based upon appellants' failure to meet the applicable limitations period or was predicated upon the absence of negligence by appellee. We accordingly conclude that the second assignment of error is without merit and we hereby overrule the same.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

JONES, P.J., KOEHLER and WILLIAM W. YOUNG, JJ., concur.