HERR ET AL., APPELLANTS, *v.*
ROBINSON MEMORIAL HOSPITAL ET AL., APPELLEES.

[Cite as Herr *v.* Robinson Memorial Hosp. (1990), 49 Ohio St. 3d 6.]

(No. 88-1694—Submitted November 8, 1989—Decided February 7, 1990.)

---

[1] The record shows that appellant was initially seeing one of Dr. Sveda's partners as early as 1978, but did not consult with Dr. Sveda until May 1983.

*Nukes & Perantinides Co., L.P.A.,
Paul G. Perantinides, Elizabeth B.
Manning, Thomas A. Skidmore* and
*Linda Tucci Teodosio,* for appellants.
*Roetzel & Andres, Richard R.*

---

[2] Appellant's wife joined in the action claiming loss of consortium.

[3] In doing so, the trial court also dismissed appellant's wife's claim for loss of consortium. The court of appeals reinstated the cause of action. The present appeal does not involve any issues concerning this aspect of the case.

8

*Strong* and *Elizabeth A. Nocera,* for appellees Robinson Memorial Hospital et al.

*Buckingham, Doolittle & Burroughs, Gary A. Banas* and *Jeffrey E. Schobert,* for appellees Drs. Sveda and Cook.

ALICE ROBIE RESNICK, J. The sole issue presented in this case is whether appellant's medical malpractice cause of action was timely filed pursuant to the requirements of R.C. 2305.11(A).

R.C. 2305.11(A), which was in effect at the time of the commencement of the present action, states in pertinent part: "An action for * * * malpractice against a physician * * * shall be brought within one year after the cause thereof accrued * * *."[4] With the decision in *Oliver* v. *Kaiser Community Health Found.* (1983), 5 Ohio St. 3d 111, 5 OBR 247, 449 N.E. 2d 438, this court abandoned the termination rule.[5] In doing so, we adopted a discovery rule, stating that "* * * a cause of action for medical malpractice accrues and the statute of limitations commences to run when the patient discovers, or, in the exercise of reasonable care and diligence should have discovered, the resulting injury." *Id.* at syllabus.

In *Hershberger* v. *Akron City Hosp.* (1987), 34 Ohio St. 3d 1, 516 N.E. 2d 204, this court explained the holding in *Oliver,* setting forth a three-prong analysis to be utilized by Ohio trial courts in determining the accrual date for a medical malpractice claim. In *Hershberger,* we held that "* * * the

trial court must look to the facts of the particular case and make the following determinations: when the injured party became aware, or should have become aware, of the extent and seriousness of his condition, which, of course, may occur without the necessity of further medical consultation; whether the injured party was aware, or should have been aware, that such condition was related to a specific professional medical service previously rendered him; and whether such condition would put a reasonable person on notice of need for further inquiry as to the cause of such condition." *Id.* at 5-6, 516 N.E. 2d at 208.

This court has recently applied and further clarified the tripartite analysis set forth in *Hershberger* in the recent case of *Allenius* v. *Thomas* (1989), 42 Ohio St. 3d 131, 538 N.E. 2d 93. While explaining the phrase "extent and seriousness of his condition," we refined *Hershberger* and combined the three-part test contained therein by adding the "cognizable event" element to the foregoing test. We stated in *Allenius, supra,* as follows:

"* * * Since the three prongs of *Hershberger* overlap considerably, we believe that the best manner * * * is to combine the three prongs. Thus, we now hold that * * * [*Hershberger*] * * * requires that there be an occurrence of a 'cognizable event' which does or should lead the patient to believe that the condition of which the patient complains is related to a medical procedure, treatment or diagnosis previously rendered to the patient and

---

[4] R.C. 2305.11 has recently been amended. The above language is now substantially contained in R.C. 2305.11 (B)(1).

[5] "For many years, the courts of Ohio demonstrated a commitment to the rule

that the termination of the medical relationship is the event which commences the running of the one-year statute of limitations in medical malpractice actions now contained in R.C. 2305.11." (Citations omitted.) *Oliver, supra,* at 113, 5 OBR at 248, 449 N.E. 2d at 440.

where the cognizable event does or should place the patient on notice of the need to pursue his possible remedies." *Allenius, supra,* at 133, 538 N.E. 2d at 96. A "cognizable event" was defined as "* * * some noteworthy event * * * which does or should alert a reasonable person-patient that an improper medical procedure, treatment or diagnosis has taken place." *Id.* at 134, 538 N.E. 2d at 96.

In applying the foregoing tests to the facts of the instant case, we find that appellant was consistently seeking medical attention from both Dr. Sveda and Dr. Cook. Appellant first saw Dr. Sveda in May 1983. When his condition did not improve, appellant sought the advice of Dr. Cook in March 1984. Appellant again returned to Dr. Sveda in August 1984. Lastly, appellant once more sought medical advice from Dr. Cook in June 1985. During this two-year period, both doctors performed the procedures previously described. Furthermore, when appellant informed Dr. Sveda about his continuing pain, appellant received assurances from Dr. Sveda that "these things take time."

"Legal theories are not ordinarily within the province of the average layman." *Hershberger, supra,* at 5, 516 N.E. 2d at 207. Likewise, the causes of medical problems and the effects of prescribed treatments are not within the realm of a layman's knowledge. This court has stated long ago that "[t]he patient relies almost wholly upon the judgment of the * * * [doctor], and under the usual circumstances of each case is bound to do so * * *." *Bowers* v. *Santee* (1919), 99 Ohio St. 361, 366, 124 N.E. 238, 240 (overruled on other grounds in *Oliver, supra*). See, also, *Wyler* v. *Tripi* (1971), 25 Ohio St. 2d 164, 167-168, 54 O.O. 2d 283, 285, 267 N.E. 2d 419, 421.

This concept remains true today. Appellant had been under the care of Drs. Sveda and Cook for some time. They did not determine his actual problem. Hence, it would be illogical to hold a patient to a higher degree of knowledge than his treating physicians. Indeed, to say that a patient may not *reasonably* rely on the assurances of a treating physician would cause irreparable harm to the doctor-patient relationship.

We are aware of this court's historical goal of seeking to encourage and facilitate the doctor-patient relationship. The major premise for the perpetuation of the termination rule was that it was conducive to the mutual confidence that is so highly important to the relationship between a doctor and his patient. See *Frysinger* v. *Leech* (1987), 32 Ohio St. 3d 38, 41, 512 N.E. 2d 337, 340-341. It is our belief that by clarifying Ohio law in this manner, we encourage the open exchange of information and confidence that is vital to the association between patient and physician.

In applying the "cognizable event" analysis set forth in *Allenius,* we find that in this case the cognizable event occurred on August 22, 1985, when appellant was first informed by Dr. Pryce that he had a broken vertebra. Prior to that time, appellant followed the advice of the appellee doctors and permissibly relied on the assurances of one of those doctors. Based upon the facts of this case, pain alone cannot be the cognizable event. However, we do not intimate that pain alone may never be a cognizable event, but given the particular facts of the case before this court, continued pain could not be considered a cognizable event.

The cognizable-event analysis allows a patient to reasonably rely on his physician's assurances while plac-

ing a continuing duty on the medical profession to act with the requisite skill and care. We find that the cognizable event occurred when appellant was informed that he had a broken vertebra, and thus his cause of action was timely filed within the requirements of R.C. 2305.11(A).[6]

We therefore reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

HOLMES, J., concurs in judgment only.

---

[6] We again note that R.C. 2305.11 has recently been amended by the General Assembly, and that R.C. 2305.11(B)(1) now contains the statutory language we interpret today.