## Adelman
## v.
## Atrium South OB-GYN
*[Cite as 2 AOA 245]*

*Case No. CA-7977*
*Stark County, (5th),*
*Decided March 26, 1990*

R.C. 2305.11

*For Plaintiffs-Appellants: Steven B. Ayers, 2500 One Nationwide Plaza, Columbus, Ohio 43215.*

*For Defendants-Appellees: David M. Best, Janis L. Small, Anna L. Moore, 1301 E. Ninth St., Suite 1400, Cleveland, Ohio 44114-1824.*

HOFFMAN, J.

This is an appeal from summary judgment granted in favor of defendants-appellees, Atrium South OB-GYN, et al., upon a complaint sounding in medical malpractice and loss of consortium. Mary L. Adelman, et al. are plaintiffs-appellants.

On June 7, 1984, Mrs. Adelman (hereinafter referred to as appellant or Adelman) delivered a healthy male child at Aultman Hospital. Appellee George Dakoske, M.D. was the attending physician, and appellant alleges that he failed to deliver the complete afterbirth (placenta) membranes after the child was born. According to appellant, this failure subsequent resulted in the mother's uterine bleeding.

Appellee prescribed medication for the bleeding (Ergotrate) and subsequently (July 2, 1984) performed a "D and C" on Adelman. A second operation of this kind was performed on July 12, 1984, after appellant continued to hemorrhage.

The last office visit Adelman had with any appellee-physician was in September, 1985. On September 26, 1985, Adelman wrote a letter to Atrium South (Drs. Dakoske and Robinson) charging them with negligent treatment of her. (Exh. C to Defendants' summary judgment

motion filed July 28, 1989. Also see Deposition of Mary Adelman files July 28,1989, at 65-65.)

In December of 1986, Adleman underwent another "D & C" surgery at Cleveland Clinic. The attending physician, Dr. Quigley, informed her that her condition (sterility) could not be corrected.

On August 14,1987, appellant filed her complaint in the Court of Common Pleas of Stark County, alleging negligence and medical malpractice during the delivery of the child and the post-delivery care. Appellees subsequently moved for summary judgment as stated *supra,* asserting that appellant's claim was barred by the controlling statute of limitations set forth in R.C. 2305.11(A). The motion came on for hearing (transcriptfiled November 6,1989), and the court ruled as stated *supra* in favor of appellees. The court's judgment entry sustaining summary judgment (filed August 30,1989) is attached to this memorandum-opinion. Appellant failed to attach said entry to her brief, nor did she comply with this court's Local Rule 4(D) regarding summary judgment.

Appellant raises the following sole assignment of error:

### THE TRIAL COURT IMPROPERLY GRANTED DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.

### I

The basis of Adelman's claim upon appeal is that the court below erred in sustaining summary judgment for the reason that the time of discovery of the malpractice, i.e. the injury, remains in dispute. Appellees assert that the discovery of the injury took place no later than September 26, 1985, the date of Adelman's letter referred to *supra.* It is undisputed that the R.C. 2305.11 notice was provided on January 20, 1987. On the other hand, appellant claims that she did not become aware of her injuries until at least December, 1986, thus making the January 20, 1987 initiation of the action timely and within the statute of limitations. As determined by the trial court, the knowledge of her injury was when "she was advised of the sterility." (Entry cited *supra,* page 1.)

Upon her deposition testimony, appellant averred that appellees never informed her of the full consequences of their treatment, *viz.* that

she would be unable to bear children in the future:

"A. I was never told I would never be able to have kids. I was told that I would be able to have [sic].

"Q. Well, weren't you also told that –

"A. Okay. If I didn't get the surgery that maybe I wouldn't be able to have children.

"Q. All right. So you knew that this Asherman's syndrome problem related to the ability to have children, and that you had to do something about it in order to hopefully correct that problem?

"A. We thought it always could be corrected. And we were told it could be corrected.

"Q. All right. But you knew that there was something wrong and there would have to be some efforts to try to correct it?

"A. Right." (Dep. 53. 12-25; Dep. 54, 1. 1.)

Further on in her deposition, appellant averred that she was never made fully aware of the condition of sterility by appellees. (Dep. at 54-55)

As argued by appellant, *Allenius v. Thomas* (1989), 42 Ohio St. 3d 131 applies to the case *sub judice.* Therein, the Supreme Court discarded its three-prong test for determination of accrual date of resulting injury (said test established in *Hershberger v. Akron City Hospital* (1987), 34 Ohio St. 3d 1) and announced a new definition as follows:

"The 'extent and seriousness of his condition' language of the test set forth in *Hershberger v. Akron City Hosp.* (1987), 34 Ohio St. 3d 1, 516 N.E. 2d 204, paragraph one of the syllabus, requires that there be an occurrence of a '*cognizable event*' which does or should lead the patient to believe that the condition of which the patient complains is related to a medical procedure, treatment or diagnosis previously rendered to the patient and where the cognizable event does or should place the patient on notice of the need to pursue his possible remedies." (*Allenius*, syll. 1, emphasis added.)

This "cognizable event" formula for determining the date of injury, which in turn triggers the statute of limitations, was very recently followed in *Herr v. Robinson Memorial Hospital* (1990), 49 Ohio St. 3d 6. (*Herr* was decided February 7, 1990, and thus was not available to the instant parties in the drafting of their briefs which were filed in 1989.)

In *Herr* at 9, the court reiterated its *Allenius* definition of "cognizable event" as being a "noteworthy event. . .which does or should alert a reasonable person-patient that an improper medical procedure, treatment or diagnosis has taken place." (*Allenius* at 134.)

As stated by the trial court in its entry, it determined "the 'cognizable event' occurred no later than September, 1985, when the plaintiff was aware of medical problems which arose from the delivery of plaintiff's child and during the post-partum care of the plaintiff." (At 2.)

Having reviewed the record, and construed the sworn evidentiary materials most favorably to appellant (non-movant at the summary judgment stage), we determine that the trial court erred in granting summary judgment. Because the precise time of the cognizable event (injury) has been placed in genuine dispute, summary judgment was inappropriate in the cause *sub judice.* Based upon and adhering to the authority of *Allenius* and *Herr*, we sustain appellant's sole assignment of error and reverse the judgment of the Stark County Pleas Court.

*Judgment reversed.*

PUTMAN, P. J. and
SMART, J. Concur.