**Marthey v. Thottam**
*[Cite as 8 AOA 228]*

*Case No. CA-8042*
*Stark County, (5th)*
*Decided November 19, 1990*

*Andrew P. Krembs and Joel Levin, Nurenberg, Plevin, Heller & McCarthy Co., 1370 Ontario - First Floor, Cleveland, Ohio 44113-1792, for Plaintiff-Appellant.*

*Robert F. Orth, Kurt R. Weitendorf, Roderick, Myers & Linton, 1500 One Cascade Plaza, Akron, Ohio 44308, for Defendants-Appellees.*

*Tobias J. Hirshman, 1301 East Ninth Street, Suite 1400, Cleveland, Ohio 44114-1824, for Defendants-Appellees.*

MILLIGAN, J.

The Stark County Court of Common Pleas granted summary judgment for appellees on the basis that appellant filed his complaint after the one-year statute of limitations on medical malpractice (R.C. 2305.11(A)) had run. He appeals:

"*ASSIGNMENT OF ERROR NO. I.*
"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING OF THE MOTIONS OF AULTMAN HOSPITAL ASSOCIATION. DAVID W. SMITH. M.D. AND TRI-COUNTY ORTHOPAEDIC SURGEONS, INC. FOR SUMMARY JUDGMENT.

"A. SUMMARY JUDGMENT IS INAPPROPRIATE WHERE A MATERIAL ISSUE OF FACT IS IN DISPUTE.

"B. SUMMARY JUDGMENT IS INAPPROPRIATE WHERE THE ACCRUAL OF THE CAUSE OF ACTION FOR THE PURPOSE OF THE STATUTE OF LIMITATIONS IS DATED FROM THE ISSUANCE OF A 180-DAY LETTER.

"C. SUMMARY JUDGMENT IS INAPPROPRIATE WHERE IT USURPS A JURY FUNCTION OF DECIDING WHETHER AN EVENT IS A COGNIZABLE EVENT FOR THE PURPOSE OF THE STATUTE OF LIMITATIONS."

Appellant developed a blister on his right heel which developed into an ulceration.

During the spring and summer of 1986, appellant was treated by appellee David Smith, D.O. and Dr. Smith's professional corporation, Tri-County Orthopaedic Surgeons, Inc. Doctor Smith performed skin graft surgery, which ultimately failed. Doctor Smith referred appellant to a second doctor, who performed reconstructive surgery. The heel injury continued to recur; appellant then sought treatment at the Cleveland Clinic. Eventually, his right leg was amputated below the knee.

Appellant filed a medical malpractice complaint on January 21, 1988, naming numerous defendants. On February 1, 1989, he filed an amended complaint adding as defendants Aultman Hospital, Dr. Smith, and Tri-County Orthopaedic Surgeons, Inc. Appellant sent 180-day notices of intent to pursue legal action to Dr. Smith and Aultman Hospital on September 8, 1987. The Stark County Court of Common Pleas granted summary judgment for these three parties, on the basis that the action was filed outside the one-year statute of limitations. Appellant voluntarily dismissed all parties except for Dr. smith, Tri-County, and Aultman Hospital, appellees herein.

A medical malpractice claim accrues when a cognizable event occurs, which does or should lead the patient to believe that his condition is related to a medical procedure, treatment, or diagnosis previously rendered to the patient, and where the event does or should place the patient on notice of the need to pursue possible remedies. *Allenius v. Thomas* (1989), 42 Ohio St. 3d 131, 133, 538 N.E.2d 93, 96; *Herr v. Robinson Memorial Hosp.* (1990), 49 Ohio St. 3d 6, 8-9, 550 N.E. 2d 159.

Appellant argues that his cause of action had not accrued at the time he issued the 180-day letters. These letters, mailed to Dr. Smith and Aultman Hospital, stated that appellant was considering bringing an action against them for medical negligence. Appellant argues that the cognizable event occurred on February 16, 1988, when the decision to amputate his leg was made. The statute applicable to the present action reads:

"An action for ... malpractice, including an action for malpractice against a physician, podiatrist, or a hospital, ... shall be brought within one year after the cause thereof accrued,..."

"If a written notice, prior to the expiration of time contained in this division, is given to any person in a medical claim that an individual is presently considering bringing an action against that person relating to professional services provided to that individual, then an action by that individual against that person may be commenced at any time within one hundred eighty days after that notice is given."

R.C. 2305.11(A).

Appellant's argument is illogical. Appellant argues that although he mailed a letter dated September 8, 1987, stating that he was considering bringing legal action and was extending the statute of limitations by 180 days, he was not aware that his condition was related to appellees' medical treatment and was not on notice to pursue legal remedies until February 16, 1988. Appellant's argument is further weakened by the fact that he was notified on January 28, 1987 that amputation was a remaining option. Further, he filed a malpractice complaint against other defendants, who had treated him for the same condition as appellees, on January 21, 1988, before the claimed cognizable event occurred. The latest date the cause of action could have accrued was September 8, 1987. As the amended complaint against appellees was filed on February 1, 1989, the complaint against appellees was time barred.

Appellant argues that the cause of action against Tri-County could not have accrued with the sending of the letter, as he did not send a letter to Tri-County. Tri-County is the professional corporation of Dr. Smith, and was sued only on an agency theory through the acts of Dr. Smith. The letter sent to Dr. Smith states that appellant was considering an action against him and/or his organization. The cause of action against Tri-County necessarily accrued at the same time as it accrued against Dr. Smith.

As the 180-day letter established as a matter of law the latest date at which the cause of action could have accrued, the trial court did not err in granting summary judgment for these appellees. The assignment of error is overruled. The summary judgment of the Stark County Court of Common Pleas is affirmed.

PUTMAN, P.J., and HOFFMAN, J., concur.