## Koch v. Gross
*[Cite as 8 AOA 527]*

Case No. 90AP-659
*Franklin County, (10th)*
*Decided December 31, 1990*

*Charley Hess, for Appellant.*

*Richard L. Innis, Welch, Danner, Innis & Barker Co., L.P.A., for Appellee.*

McCORMAC, J.

Plaintiff-appellant, Karen Koch, appeals the summary judgment granted by the trial court in favor of defendant-appellee, George Gross. The trial court sustained the motion on the basis that appellant's legal malpractice claim was barred by the one-year statute of limitations provided by R.C. 2305.11(A). Appellant's single assignment of error alleges that:

"The trial court erred when it granted, perhaps without having the entire court file before it, the motion of appellee for summary judgment in this legal malpractice action on the grounds that the statute of limitations had expired prior to appellant's filing the instant lawsuit."

Appellant alleges that appellee committed legal malpractice in his representation of her in a divorce proceeding that was terminated in February 1984 by an agreed judgment entry and settlement agreement which, among other things, required that the parties survey a thirty-four acre parcel of land in Delaware County and divide it equally according to a map which appellee attached to the separation agreement incorporated into the divorce decree. During the post-decree period, appellant and her former husband

were unable to agree on a land survey because appellee attached the wrong map to the divorce decree. Appellant's former husband refused to transfer title in accordance with the separation agreement. The parties then retained new and different counsel and sued each other for performance on the separation agreement. A new settlement was finally reached in 1987 disposing of the matter in accordance with appellant's version of the agreement.

Appellant instituted this action against appellee on November 23, 1987, after the settlement was reached claiming attorney malpractice based on appellee's fraudulent misrepresentation of the attorney fees chargeable to her for his representation of her in her divorce proceeding and based on his negligent drafting of the separation agreement in that appellee provided no legal description of the Delaware real estate and that he attached an incorrect map of the property to the divorce decree. Appellant claimed that these mistakes made the real estate transfer provisions of the divorce decree unenforceable against appellant's former husband without further litigation.

Appellee timely asserted the affirmative defense of statute of limitations, initially by his answer and subsequently through his motion for summary judgment which is appealed herein. The summary judgment granted for appellee is proper only if the pleadings, depositions, answers to interrogatories, written admissions, and affidavits filed by the parties in this case show that there was no genuine issue as to any material fact and that appellee was entitled to judgment based on lapse of the statute of limitations as a matter of law.

The trial court sustained appellee's motion for summary judgment based on its conclusion that the entire claim was barred by the one-year statute of limitations. The court reasoned that the latest date from which appellant's cause of action accrued was May 1986, the month in which it found that the attorney/client relationship between appellant and appellee was terminated.

Initially, appellant argues that the summary judgment entry by the trial court is not a final appeal able order because the court's decision mentioned only the legal malpractice claim and did not specifically address the allegations labeled as fraud in the original complaint regarding the excessive attorney fees allegedly charged appellant. However, the trial court dismissed the complaint in its entirety and, thus, the judgment is final and appeal able even if the alleged fraud were subject to a longer statute of limitations, which is doubtful because the complaint about attorney fees did not surface, although appellant obviously was aware of all the circumstances, until she had to hire another attorney to effect the transfer of property.

In determining the exact date on which appellant's claim accrued, the common pleas court turned to the controlling case of *Zimmie v. Calfee, Halter & Griswold* (1989), 43 Ohio St. 3d 54. In *Zimmie,* the court set forth the analysis to be applied in determining the date of accrual for attorney malpractice actions. In combining the historic termination rule and the newer discovery rule, the court held that, under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act, and the client was put on notice of a need to pursue his possible remedies against the attorney or when the attorney/ client relationship for that particular transaction or undertaking terminated, whichever occurs later. *Id.* at 58.

The trial court defined the cognizable event whereby appellant should have discovered that her inability to enforce her divorce decree against her former husband was caused by appellee's failure to include a legal description of the real estate in the divorce decree as the time of appellant's dissatisfaction with the alleged lack of proper legal services provided her by appellee. The trial court concluded from appellant's deposition that this event occurred no later than the summer of 1984 because, by then, she knew that her former husband would be uncooperative in transferring title of the real estate as envisioned by the divorce decree. The trial court also determined from appellee's affidavit that the attorney/client relationship between appellant and appellee terminated in May 1986. The trial court, therefore, held that this later date was the accrual date of any legal malpractice action appellant had against appellee arising from the divorce proceedings, which was more than a year

before appellant commenced the action on November 23, 1987.

Although appellee's deposition supports the trial court's finding that his attorney/client relationship with appellant terminated in May 1986, appellant's deposition and affidavits reveal the existence of a genuine factual issue on this matter. Specifically, appellant's affidavit, which was filed with the common pleas court on March 21, 1989, recites that appellant's last telephone consultation with her occurred in August 1986, and that the last written correspondence from appellant to her occurred sometime in November 1986. Similarly, appellant's deposition of January 28, 1988, specifically reveals that, on December 1, 1986, she wrote to appellee and asked him to review her divorce decree in order to ascertain whether there were any mistakes in its drafting. Appellant's deposition testimony and affidavit thus indicate that the attorney/client relationship may not have been terminated more than one year before the limitation period elapsed. From the totality of the evidence available to the trial court, reasonable minds could not come to only one conclusion in favor of appellee on the issue of termination of the attorney/client relationship under the first part of the *Zimmie* analysis. Summary judgment was, therefore, improper.

Appellant's affidavit also reveals the existence of a genuine factual issue regarding the date she discovered or should have discovered that appellee's failure to properly draft the separation agreement not only resulted in her divorce decree being unenforceable against her former husband, but also necessitated post-decree litigation between appellant and her former husband to resolve the matter. Although appellant acknowledged in her deposition that she was dissatisfied with appellee's services by the summer of 1984 because she could not immediately enforce the real estate transfer provisions of the divorce decree against her former husband, her affidavit reveals that she did not discover that this inability was related to appellee's alleged malpractice until her consultation with her new attorney, who counseled her on December 1, 1986, that appellee had committed professional misconduct in the drafting of her separation agreement. Arguably, prior to that time, she believed, as she was assured by appellee, that the reason for the delay was her former husband's refusal to comply with his obligations. .

In determining that appellant's subjective dissatisfaction with appellee's services in the summer of 1984 was the cognizable event whereby appellant should have discovered that she had a claim for attorney malpractice against appellee, the trial court specifically rejected the analysis applied by the Supreme Court for determining the existence of the cognizable event element in the medical malpractice case of *Herr v. Robinson Memorial Hosp.* (1990), 49 Ohio St. 3d 6. In *Herr,* the appellant repeatedly consulted his physician and radiologist regarding his persistent back pain. Eventually, appellant followed his physician's advice and underwent an operation to correct the problem. Nevertheless, the back pain continued. Appellant returned to his physician and radiologist for consultation and, despite receiving assurances from his physician that the surgery was successful, appellant subsequently sought the advice of a neurosurgeon who informed the appellant that his back problems had been initially misdiagnosed and that the surgery had actually aggravated his true problem. Within one year of receiving this information from the neurosurgeon, appellant instituted an action against his original physician for medical malpractice. The trial court determined that the cognizable event whereby appellant should have discovered that his recurring back pain was due to his first physician's misdiagnosis was his return to the radiologist for consultation, which was more than a year before appellant's initial filing. The Supreme Court reversed that finding and held that the cognizable event was when appellant had been informed by the neurosurgeon that the physician had misdiagnosed appellant's injury and performed unnecessary surgery.

In *Zimmie, supra,* at 57, the court held that the same justifications for determining the date of discovery in medical malpractice actions are equally compelling to legal malpractice actions, and that medical and legal malpractice actions should conform to the same standard for determining when a cause of action accrues and when the statute of limitations commences. Therefore, it is appropriate to apply the *Herr* analysis to this case to determine the cognizable event whereby appellant should have discovered that an improper legal procedure had taken place.

Applying that standard, a reasonable person could conclude from appellant's affidavit that the discovery date was December 1, 1986 instead of the summer of 1984. Like the patient in *Herr,* appellant's subjective dissatisfaction with appellee's legal services was not necessarily the cognizable event which defined the date upon which she should have discovered appellee's malpractice. It is at least equally likely that, since appellant continued to follow appellee's advice and assurances that no drafting problem existed with the divorce decree, she should not reasonably have discovered that her inability to enforce the decree was caused by appellee's malpractice until she was so advised by her new attorney on December 1, 1986.

Appellant's assignment of error is sustained. The judgment of the trial court is reversed and the case is remanded for further procedure consistent with this opinion.

*Judgment reversed and*
*case remanded.*

REILLY, P.J., and WILSON, J., concur.

WILSON, J., of the Champaign County Common Pleas Court, sitting by assignment in the Tenth Appellate District.