I concur separately. Given the state of the record in this case, I agree that the trial court erred in granting summary judgment for the defendants in that there were genuine issues of material fact as to when the cognizable event occurred and the statute of limitations began to run.
I write separately, however, to emphasize that the occurrence of the cognizable event is determined by an objective standard. See Rose v. Women's Health Clinic (1993), 90 Ohio App.3d 776,780. Under the discovery rule, a cause of action for medical malpractice accrues when the patient discovers, or should havediscovered in the exercise of reasonable care and diligence,the resulting injury. Oliver v. Kaiser Community Health Found.
(1983), 5 Ohio St.3d 111. Thus, a patient who fails to be reasonably diligent in seeking medical treatment cannot delay the triggering of the statute of limitations beyond the time when a reasonably diligent patient would have discovered the resulting injury. In other words, reasonable diligence would normally require that a patient follow a physician's specific and clear recommendation to see a specialist and/or obtain a second opinion. Cf. Herr v. Robinson Memorial Hosp. (1990),49 Ohio St.3d 6, 9 (cognizable event was delayed until plaintiff was informed of the resulting injury because plaintiff otherwise followed the advise of his physicians and relied on their assurances).
Here, it is uncontroverted that appellant did not subjectively discover the connection between her pain and the back surgery until March 20, 1995. Thus, it was incumbent upon appellees to show that given Dr. Johnston's recommendations, a reasonably diligent patient would have sought a second opinion sooner and thereby would have discovered the connection before that date.
Given the state of this record, there remain genuine issues of material fact on these issues. For example, Dr. Johnston's affidavit is not clear as to the nature and specificity of his recommendations that appellant see a specialist or seek a second opinion. There is no evidence that appellant's failure to consult with Dr. Leimbach until March 20, 1995, was the result of appellant's lack of diligence. Finally, we are left to speculate whether Dr. Leimbach would have diagnosed the causal connection to the surgery earlier had the appellant visited him earlier. As such, summary judgment was improperly granted.
For the foregoing reasons, I concur separately.