DECISION AND JOURNAL ENTRY
Appellant Douglas G. McDonald, administrator of the estate of Dr. Harold E. McDonald, appeals from the judgment of the Lorain County Court of Common Pleas finding the estate of Dr. McDonald liable for medical malpractice in the amount of $700,000.00. This Court affirms.
In early February 1988, appellee Rufus Christian experienced severe urinary retention problems. Christian received treatment from Dr. McDonald for the problem in the emergency room of Elyria Memorial Hospital. Dr. McDonald diagnosed Christian with a condition that required a transurethral resection of his prostate. Dr. McDonald performed the surgery on February 18, 1988.
After the surgery Christian suffered from gross incontinence. Continuing in the care of Dr. McDonald, Christian advised Dr. McDonald of his ongoing problems. Dr. McDonald conducted multiple urological examinations, which proved, according to Dr. McDonald, to be unsuccessful in determining the cause of Christian's gross incontinence. Dr. McDonald also prescribed various medications. The medications were ineffectual, and Christian's gross incontinence persisted. Dr. McDonald advised Christian that he must be patient with his gross incontinence, that Christian would eventually dry up, and that it may take years for the symptoms to go away. Christian trusted Dr. McDonald's representations about his gross incontinence.
In 1994, Christian read a newspaper article about treatment for incontinence, written by Dr. David F. Merriweather. Christian scheduled an examination by Dr. Merriweather on April 12, 1994. Dr. Merriweather performed a cystoscopy.[1] Dr. Merriweather diagnosed a complete laceration of Christian's external sphincter. After taking a medical history, Dr. Merriweather opined that the injury was caused during Christian's 1988 transurethral resection of his prostate performed by Dr. McDonald. Dr. Merriweather could not explain how Dr. McDonald failed to recognize or disclose the injury to Christian, particularly in light of the fact that Dr. McDonald had performed a cystoscopy on Christian. The laceration of the external sphincter suffered by Christian is a permanent injury.
On August 22, 1995, Christian filed suit in the Lorain County Court of Common Pleas. A motion for summary judgment was denied and the case proceeded to a jury trial on June 15, 1998. The jury rendered a verdict for the Christians.
Dr. McDonald's estate (herinafter "McDonald") now appeals, asserting three assignments of error.
 ASSIGNMENT OF ERROR I The trial court committed prejudicial error as a matter of law when it denied the Estate's Motion for Judgment Notwithstanding the Verdict, because the claims of Mr. and Mrs. Christian were barred by the statute of limitations.
McDonald claims that the Christians' suit offends the statute of limitations. This Court disagrees.
The statute of limitations for a malpractice suit is set forth in R.C. 2305.11(B)(1), which states:
 [A]n action upon a medical * * * claim shall be commenced within one year after the cause of action accrues, except that, if prior to the expiration of the one-year period, a claimant who allegedly possesses a medical * * * claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given.
 A discovery rule applies to medical malpractice actions. See Oliver v. Kaiser Community Health Found. (1983), 5 Ohio St.3d 111, syllabus. The Ohio Supreme Court has set forth a three-part test to determine when a particular medical malpractice claim accrued:
 In a medical malpractice action, for the purposes of determining the accrual date in applying the statute of limitations under [R.C. 2305.11 (B)(1)], the trial court must look to the facts of the particular case and make the following determinations: when the injured party becomes aware, or should have become aware, of the extent and seriousness of his condition; whether the injured party was aware, or should have been aware, that such condition was related to a specific professional medical service previously rendered him; and whether such condition would put a reasonable person on notice of need for further inquiry as to the cause of such condition.
 Hershberger v. Akron City Hosp. (1987), 34 Ohio St.3d 1, paragraph one of the syllabus.[2] A cause of action accrues upon the occurrence of a cognizable event, which is when facts and circumstances occur that lead, or should lead, a patient to believe that the condition or injury is related to previously received medical diagnosis, treatment, or procedure. Flowers v. Walker (1992), 63 Ohio St.3d 546, 549, citing Allenius v. Thomas (1989), 42 Ohio St.3d 131, syllabus. Such a cognizable event puts a patient on notice to investigate the facts and circumstances relevant to their malpractice claim in order to pursue available remedies.Id., citing Allenius, supra, at 133-134.
In the instant case, the cause of Christian's gross incontinence was a lacerated external sphincter as a result of the malpractice of Dr. McDonald during surgery for a transurethral resection of Christian's prostate. This surgery was done on February 18, 1988. Christian continued as a patient of Dr. McDonald. Christian relied on Dr. McDonald's alternate representations that his gross incontinence would resolve itself in two and a half years or in a period of years, and that Christian would ultimately "become dry."
In Ohio a patient may trust the advice of their physician without having their subsequent legal remedies prejudiced:
 [T]he causes of medical problems and the effects of prescribed treatments are not within the realm of a layman's knowledge. This court has stated long ago that "[t]he patient relies almost wholly upon the judgment of the * * * [doctor], and under the usual circumstances of each case is bound to do so." Bowers v. Santee (1919), 99 Ohio St. 361, 366, 124 N.E. 238, 240 (overruled on other grounds in Oliver [v. Kaiser Community Health Found. (1983), 5 Ohio St.3d 111] See, also, Wyler v. Tripi (1971), 25 Ohio St.2d 164, 167-168, 54 O.O.2d 283, 285, 267 N.E.2d 419, 421. This concept remains true today. Appellant had been under the care of Drs. Sveda and Cook for some time. They did not determine his actual problem. Hence, it would be illogical to hold a patient to a higher degree of knowledge than his treating physicians. Indeed, to say that a patient may not reasonably rely on the assurances of a treating physician would cause irreparable harm to the doctor-patient relationship. (Emphasis in original.)
 Herr v. Robinson Memorial Hosp. (1990), 49 Ohio St.3d 6, 9. In Herr the plaintiff was suffering back pain and was advised by his first physician that the source of his pain was a bad disc in his back and eventually the disc was surgically removed. Id. at 7. When the plaintiff's back condition worsened the doctor who conducted the surgery advised that "these things take time." Id. When the plaintiff went to a neurosurgeon for consultation, he was advised that the source of his pain was not a bad disc but rather a broken vertebra, and that the procedures involving the disc in his back only served to further the instability of his back. Id. The Herr Court concluded that the cognizable event occurred when the plaintiff was advised of his broken vertebra. Id. at 10.
Similarly in the instant case, Christian suffered the injury of gross incontinence but Dr. McDonald continued advising him that all would be well in a matter of years. Christian only learned the cause of his gross incontinence when he was so advised by Dr. Merriweather. This Court finds that the cognizable event occurred on April 12, 1994, when Dr. Merriweather advised Christian of his lacerated external sphincter, discovered during a cystoscopy. Before that point Christian had relied upon the treatment of Dr. McDonald and his airy counsel that he had to be patient and that in a period of years he would "dry up." While this Court recognizes that pain alone may be a cognizable event, given the particular facts of this case and Christian's reliance on the counsel of Dr. McDonald, Christian's continued gross incontinence alone cannot be considered a cognizable event. See Herr, supra, at 9.
Recognizing then that April 12, 1994, was the date of the cognizable event, this Court then evaluates whether the Christians' suit was timely filed. On March 8, 1995 (less than a year after the cognizable event) the Christians sent a timely letter to Dr. McDonald's estate providing notice that the Christians were considering bringing a malpractice action.[3]
See R.C. 2305.11 (B)(1) (letter by claimant to subject of malpractice claim within one year of the cognizable event extends the one year statute of limitations to one hundred eighty-days after the notice is given). Thereafter, the Christians filed their suit on August 22, 1995, well within the one hundred eighty-day period created by the Christians' letter to the estate of Dr. McDonald. Accordingly, the Christians' malpractice action was timely filed.
McDonald's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II The trial court committed prejudicial error in failing to properly instruct the jury on the law concerning the statute of limitations.
 In his second assignment of error, McDonald claims that the trial court erred in its instruction on the statute of limitations. Specifically, McDonald argues that the trial court improperly focused on the actual discovery of Christian's lacerated external sphincter as opposed to the date when Christian should have been placed on further inquiry of the cause of his condition. This Court disagrees.
As discussed infra in assignment of error one, Christian's reliance on the treatment and counsel of Dr. McDonald operated to toll the statute of limitations until the injury was diagnosed by Dr. Merriweather and disclosed to Christian on April 12, 1994. See Herr,supra. Accordingly, on the facts of this particular case, the trial court's instruction was appropriate.
McDonald's second assignment of error is overruled.
ASSIGNMENT OF ERROR III
 The trial court erred in denying the motion of the Estate of Dr. McDonald for a new trial based upon an excessive verdict which was not fair and reasonable and was the result of passion or prejudice of the jury.
In his third assignment of error, McDonald argues that the trial court should have granted his motion for new trial since the verdict was excessive and was the product of passion and prejudice. This Court disagrees.
Civ.R. 59(A)(4) provides that a trial court may grant a new trial on the grounds of excessive or inadequate damages that appear to be the product of passion or prejudice. The resolution of a motion for a new trial lies "in the sound discretion of the trial court and will not be disturbed on appeal unless there has been an abuse of discretion." Pena v. Northeast Ohio EmergencyAffiliates, Inc. (1995), 108 Ohio App.3d 96, 103. An abuse of discretion is manifest when the court's attitude is unreasonable, arbitrary, or unconscionable. Id., citing Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217. "To support a finding of passion or prejudice, it must be demonstrated that the jury's assessment of the damages was so overwhelmingly disproportionate as to shock reasonable sensibilities." Pena, supra, at 104, citing Jeanne v.Hawkes Hosp. Of Mt. Carmel (1991), 74 Ohio App.3d 246, 257.
The record demonstrates that the injury suffered by Rufus Christian was a life-changing event. By the time the trial commenced Christian had suffered gross incontinence for ten years. Dr. Merriweather advised Christian that his lacerated external sphincter was a permanent injury. The injury left Christian with no bladder control, and required him to wear incontinence pads. Christian was never able to leave his home without being assured that a restroom was near. Christian felt profound embarrassment over his condition. Based on the facts of this particular case, this Court cannot conclude that the jury verdict of $700,000.00 was disproportionate to Christian's life changing injury and the impact the injury had upon his family. "The mere size of the verdict is insufficient to establish proof of passion or prejudice." Id. Accordingly, the trial court was within its jurisdiction to deny the motion for new trial.
McDonald's third assignment of error is denied.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
DONNA J. CARR
FOR THE COURT BAIRD, P. J.
BATCHELDER, J.
 CONCUR
[1] A cystocopy is a scope visualization of the urethra to the bladder that would include an inspection of the external sphincter. Dr. McDonald had previously performed such an examination on Christian, and never advised Christian of any conclusive findings from the examination.
[2] Hershberger construed the statute of limitations contained in R.C. 2305.11 (A), which has been amended and substantially restated in R.C. 2305.11(B)(1).
[3] The trial court, by way of journal entry, memorialized the agreement of the parties that Dr. McDonald received the one hundred eighty-day letter.