**PROCTOR, Appellant,**

v.

**SOUTHWEST GENERAL HOSPITAL, Appellee.**

[Cite as *Proctor v. Southwest Gen. Hosp.* (1992), 78 Ohio St.3d 608.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59908.

Decided March 9, 1992.

*Leonard Davis* and *Matthew Browarek*, for appellant.

*Weston, Hurd, Fallon, Paisley & Howley* and *Donald H. Switzer*, for appellee.

---

JOHN V. CORRIGAN, Judge.

Plaintiff, Linda Proctor, appeals the grant of summary judgment in favor of defendant, Southwest General Hospital ("Southwest"), stemming from a malpractice claim. Proctor raises the following assignments of error:

## I

"The court below erred in its determination that the instant action is a 'medical claim' under R.C. 2305.11(B)."

## II

"Even if the instant action is defined as a 'medical claim' under R.C. 2305.11 the court below erred in its granting of summary judgment because appellant's complaint was filed timely under the discovery rule."

Upon review of the record, we find neither assignment meritorious and, therefore, affirm.

Plaintiff's complaint arose out of an incident occurring at the psychiatric ward at Southwest General Hospital on February 23, 1988, where Proctor was hospitalized. She shared a room with another woman who committed suicide that day using a handgun. Proctor was discharged from the hospital on March 7, 1988. Three weeks later, she filed a complaint against Southwest alleging:

"3. On or about February 23, 1988, and at all times hereinafter mentioned, Defendant Southwest General Hospital, by and through its agents and employees, treated plaintiff for a psychiatric condition and other related conditions.

"4. Defendant failed to afford plaintiff an appropriate hospital setting, proper psychiatric care and treatment and safe surroundings.

"5. Defendant, by and through its agents and employees, treated plaintiff in a negligent manner, proximately causing injury and damages to the plaintiff[;] said injuries are permanent."

Since the complaint failed to include an affidavit of reasonable cause as required under R.C. 2307.42, Proctor dismissed the action without prejudice on May 11, 1988. One year later, on May 10, 1989, she refiled the complaint, alleging the same cause of action. Thereafter, Southwest filed a motion to dismiss or, in the alternative, a motion for summary judgment, alleging plaintiff's claim was not timely under the applicable statute of limitations. The trial court initially granted the motion, but then vacated that order and gave plaintiff leave to file a brief in opposition, which plaintiff subsequently did on February 26, 1990. On May 2, 1990, the trial court granted Southwest's motion for summary judgment. It is from this judgment that plaintiff appeals.

In her first assignment of error, Proctor argues the court erred in determining that her cause of action constitutes a medical claim under R.C. 2305.11(B).

R.C. 2305.11(B)(1) provides that the statute of limitations for "an action upon a medical * * * claim shall be commenced within one year after the action accrued * * *."

Subsection (D)(3) of the statute defines a "medical claim" as "* * * any claim that is asserted in any civil action against a physician, podiatrist, or hospital, * * * or against a registered nurse or physical therapist, and that arises out of the medical diagnosis, care, or treatment of any person. 'Medical claim' includes derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person."

In granting Southwest's motion for summary judgment the trial court found Proctor's action to be a "medical claim" within the meaning of R.C. 2305.11(D)(3). It further found that her complaint was not filed within the applicable statute of limitations. The court stated:

"In the instant case, the statute commenced to run at the earliest on February 23, 1988, when the incident itself occurred or at the latest on March 23, 1988, when plaintiff filed suit. At the very latest, the statutory period ended on March 23, 1989."

■ In drafting the language of the initial complaint, counsel for Proctor spelled out a medical claim against Southwest. He confirmed this belief by promptly dismissing the original pleading when the failure to attach the affidavit required on medical claims was noted. The second filing about one year later was the same as the original complaint, again asserting a medical claim. Only after the trial court granted the motion for summary judgment as an untimely filed medical claim did counsel for Proctor advance the argument that the complaint is a nonmedical negligence action entitling the appellant to the benefit of the two-year statute of limitations. The one-year statute on medical clams would be rendered meaningless if every similarly drafted complaint could be automatically converted and construed as a general negligence action.

A review of plaintiff's complaint and her brief in opposition to defendant's motion for summary judgment indicates her claim arose out of the medical care and treatment provided at Southwest. Specifically, she claims that Southwest "failed to afford plaintiff an appropriate hospital setting, proper psychiatric care and treatment and safe surroundings," and that Southwest "by and through its agents and employees, treated [her] in a negligent manner * * *." Proctor's complaint clearly alleges a cause of action based on a medical claim arising out of her treatment and care at Southwest.

We also note that throughout all the pleadings filed by Proctor in the trial court, she never alleged a cause of action for negligence based on Southwest's

breach of a nonmedical duty. This argument was first raised on appeal, after the trial court had found she failed to meet the one-year statute of limitations for medical claims. We are inclined to find that since this claim was never raised below, it is deemed waived on appeal. We need not do so, however, since we find her complaint on its face alleges a claim for medical malpractice arising out of her care and treatment at Southwest, and not one for negligence based on a nonmedical duty.

Accordingly, the first assignment is overruled.

 In her second assignment of error, Proctor claims that even if the present action is found to be a medical claim, the court erred in granting summary judgment since her complaint was timely filed under the "discovery rule."

In determining when the statute of limitations for a medical malpractice claim begins to toll, the Ohio Supreme Court has stated:

"Under R.C. 2305.11(A) a cause of action for medical malpractice accrues and the statute of limitations commences to run when the patient discovers, or, in the exercise of reasonable care and diligence should have discovered, the resulting injury." (Citations omitted.) *Oliver v. Kaiser Community Health Found.* (1983), 5 Ohio St.3d 111, 5 OBR 247, 449 N.E.2d 438, syllabus.[1]

In *Hershberger v. Akron City Hosp.* (1987), 34 Ohio St.3d 1, 516 N.E.2d 204, the Supreme Court explained the discovery rule in *Oliver,* setting forth a three-prong analysis to be used in determining the accrual date for a medical malpractice claim. The court stated:

" * * * the trial court must look to the facts of the particular case and make the following determinations: when the injured party became aware, or should have become aware, of the extent and seriousness of his condition; whether the injured party was aware, or should have been aware, that such condition was related to a specific professional medical service previously rendered him; and whether such condition would put a reasonable person on notice of need for further inquiry as to the cause of such condition." (Citations omitted.) *Id.,* paragraph one of syllabus.

This test was further clarified in *Allenius v. Thomas* (1989), 42 Ohio St.3d 131, 538 N.E.2d 93. The court combined the three-part test by adding the "cognizable event" element to it, stating:

"The 'extent and seriousness of his condition' language of the test set forth in *Hershberger v. Akron City Hosp.* (1987), 34 Ohio St.3d 1, 516 N.E.2d 204,

---

1. R.C. 2305.11 was subsequently amended after *Oliver* such that section (A) is substantially contained in section (B)(1) of the statute.

paragraph one of the syllabus, requires that there be an occurrence of a 'cognizable event' which does or should lead the patient to believe that the condition of which the patient complains is related to a medical procedure, treatment or diagnosis previously rendered to the patient and where the cognizable event does or should place the patient on notice of the need to pursue his possible remedies." *Id.* at syllabus; see, also, *Herr v. Robinson Mem. Hosp.* (1990), 49 Ohio St.3d 6, 550 N.E.2d 159.

Proctor essentially argues that despite the two complaints filed, the first on March 23, 1988 and the second on May 10, 1989, she did not actually discover the existence of her psychological injury until August 11, 1989 when a psychiatrist diagnosed her condition as "post traumatic stress disorder." Since her injury was first discovered then, she argues her complaint was timely.

The trial court reasonably found the "cognizable event" to have occurred either on February 23, 1988 when the incident took place or March 23, 1988, when plaintiff first filed her complaint. It is clear that Proctor became aware either on the date of the incident or one month later when she filed the complaint that any injuries she sustained as a result of the incident at Southwest were causally related and placed her on notice of the need to pursue possible remedies. By filing her complaint, she pursued one of those remedies. We conclude the "cognizable event" occurred either on February 23, 1988 or March 23, 1988.

Accordingly, since her second complaint was not filed until May 10, 1989, it did not meet the one-year statute of limitations under R.C. 2305.11(B)(1). The second assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

NAHRA, P.J., and SPELLACY, J., concur.

JOHN V. CORRIGAN, J., retired, of the Eighth Appellate District, sitting by assignment.