RUGGERI, Appellant,

v.

KATZ et al., Appellees.

[Cite as *Ruggeri v. Katz* (1996), 116 Ohio App.3d 112.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70412.

Decided Dec. 2, 1996.

—————

*Weisman, Goldberg & Weisman, James R. Goldberg* and *Meena Morey,* for appellant.

*Jacobson, Maynard, Tuschman & Kalur Co., L.P.A., Janis L. Small, Joseph A. Farchione, Jr., John A. Simon* and *Stephen O'Keefe,* for appellees.

DYKE, Judge.

Appellant, Robert Ruggeri, underwent an operation on his lower intestines on August 14, 1984, performed by appellees Dr. Katz and Dr. Zinni. He was aware of the possible side-effects of this operation in the form of small bowel syndrome and malabsorption syndrome. The symptoms of these side-effects include chronic diarrhea and gas, fatigue, and weight loss. Appellant experienced all of these symptoms. He underwent a second operation on August 27, 1984. Appellant stated in deposition testimony that sometime in 1985–1986, he casually mentioned to his wife the possibility that malpractice may have occurred.

Appellant was admitted to Hillcrest Hospital for two weeks in September 1987 with a diagnosis of malabsorption syndrome and short bowel syndrome. On August 27, 1991, appellant underwent an exploratory laparotomy performed by Dr. Eisenstat, who informed him that eighteen feet of his small intestine had been removed in the earlier procedures, more than was necessary. Dr. Eisenstat also informed appellant that the earlier procedure was the cause of appellant's small bowel syndrome and malabsorption syndrome.

Appellant filed a complaint on July 15, 1992 against Drs. Zinni and Katz and against Richmond Heights General Hospital, alleging negligence in the performance of surgery in 1984. This action was voluntarily dismissed and a second complaint was filed November 4, 1994. All three appellees filed motions for summary judgment, raising the statute of limitations as a defense to the claim. The trial court determined that the cognizable event which triggered the running of the statute of limitations was when appellant connected his condition to the possibility of malpractice, in 1985–1986. The trial court granted the appellees' motions for summary judgment.

Appellant filed a timely notice of appeal from the trial court's decision, asserting one assignment of error:

"The trial court erred in granting defendant-appellees' motion for summary judgment on the grounds that plaintiff-appellant's claim was barred by the statute of limitations."

Appellant argues that a genuine issue of material fact exists to preclude summary judgment. Appellant contends that the cognizable event which triggered the running of the one-year statute of limitations began on the date of the exploratory surgery performed by Dr. Eisenstat, August 27, 1991. Appellant's argument is well taken.

The date of appellant's surgeries and the approximate date on which appellant casually mentioned the possibility of malpractice with his wife are not in dispute. R.C. 2305.11(B)(1) allows a one-year statute of limitations for the commencement

of a claim of medical malpractice, except that an extension of up to one hundred eighty days can be obtained where notice of the potential claim is given to the physician within the one-year statute of limitations.

The Ohio Supreme Court has held:

"In a medical malpractice action for the purposes of determining the accrual date in applying the statute of limitations under R.C. 2305.11(A),[1] the trial court must look to the facts of the particular case and make the following determinations: when the injured party became aware, or should have become aware, of the extent and seriousness of his condition; whether the injured party was aware, or should have been aware, that such condition was related to a specific professional medical service previously rendered him; and whether such condition would put a reasonable person on notice of need for further inquiry as to the cause of such condition." (Citations omitted; footnote added.) *Hershberger v. Akron City Hosp.* (1987), 34 Ohio St.3d 1, 516 N.E.2d 204, at paragraph one of the syllabus.

The court further explained its holding in a subsequent case as follows:

"The 'extent and seriousness of his condition' language of the test set forth in *Hershberger v. Akron City Hosp.* (1987), 34 Ohio St.3d 1, 516 N.E.2d 204, paragraph one of the syllabus, requires that there be an occurrence of a 'cognizable event' which does or should lead the patient to believe that the condition of which the patient complains is related to a medical procedure, treatment or diagnosis previously rendered to the patient and where the cognizable event does or should place the patient on notice of the need to pursue his possible remedies." *Allenius v. Thomas* (1989), 42 Ohio St.3d 131, 538 N.E.2d 93, at the syllabus.

At some point during 1985–1986, appellant's continued symptoms of small bowel syndrome and malabsorption syndrome caused him to question whether his condition was caused by the surgical treatment rendered by Drs. Zinni and Katz. Appellant testified during his deposition that he mentioned this possibility to his wife. However, this suspicion is not sufficient to trigger the running of the statute of limitations. Appellant knew that small bowel syndrome and malabsorption syndrome are symptoms of the procedure he underwent in 1984. The continuation of these symptoms was not in and of itself enough to raise the probability that malpractice occurred. Appellant became aware of the connection between his condition and the medical treatment he had received in 1984 at the

1. The text of R.C. 2305.11(A) governing the statute of limitations applicable to medical malpractice claims is now found in R.C. 2305.11(B)(1), effective at the time of appellant's complaint.

time of the exploratory surgery in 1991. Appellant was then on notice of the need to pursue his possible remedies.

"In a medical malpractice case, the statute of limitations starts to run upon the occurrence of a 'cognizable event.' The occurrence of a 'cognizable event' imposes upon the plaintiff the duty to (1) determine whether the injury suffered is the proximate result of malpractice and (2) ascertain the identity of the tortfeasor or tortfeasors." *Flowers v. Walker* (1992), 63 Ohio St.3d 546, 589 N.E.2d 1284, at the syllabus.

"*[C]onstructive* knowledge of facts, rather than *actual* knowledge of their legal significance, is enough to start the statute of limitations running under the discovery rule." (Emphasis *sic.*) *Flowers v. Walker, supra,* at 549, 589 N.E.2d at 1287.

Appellant had no knowledge of any facts, constructive or otherwise, until the exploratory surgery by Dr. Eisenstat. This surgery in 1991 was the cognizable event to trigger the running of the one-year statute of limitations.

Appellant had until August 27, 1992 to file either a complaint sounding in medical malpractice or a notice to the appellees of his intent to bring such an action within one hundred eighty days of the notice. The initial complaint was filed on July 15, 1992. Appellant's claim was not barred by the statute of limitations. Appellant's assignment of error is sustained.

The trial court's decision to grant the motions for summary judgment for the three appellees is reversed. This cause of action is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

JAMES D. SWEENEY, P.J., and O'DONNELL, J., concur.