Although I concur in the reasoning of the majority with respect to all other assignments of error, I differ in my resolution of the Fourth Assignment of Error, in which the Jones brothers contend that the trial court erred in rendering summary judgment against them on their claims, based upon the two-year statute of limitations.
I do not agree that the issue of the propriety of the summary judgment is moot because the remaining plaintiff ultimately lost the lawsuit on an identical theory of recovery. Because the Jones brothers were represented by the same trial counsel and were only dismissed after the pre-trial issues had been resolved, I recognize that, as a practical matter, it is not likely that they would have obtained a different result had they participated in the trial. Still, it was their lawsuit, and I am not prepared to hold that any error in dismissing them from it was harmless because the surviving plaintiff lost at trial.
Nevertheless, I join in the judgment of affirmance, because I conclude that the Fourth Assignment of Error is not well-taken. The Joneses concede that the applicable statute of limitations is two years, and that their lawsuit was filed more than two years after their plane crashed. They argue that the statute of limitations only began to run when they became aware of a report by the Bureau of Air Safety Investigation of the Common Wealth of Australia, Department of Transportation and Communications, suggesting that defects in the propeller, manufactured by Hartzell, were responsible for the crash. In support of their position, they cite Velotta v. Landscaping, Inc. (1982), 69 Ohio St.2d 376
and Hershberger v. Akron City Hosp. (1987), 34 Ohio St.3d 1
The former case is not material, being based upon the simple, but irrelevant, principle that a cause of action for negligence does not accrue until damage results from the negligent conduct.
The Hershberger case is instructive, however. In that medical malpractice case, one of the factors determining the accrual of the cause of action was "whether such condition [of the injured party] would put a reasonable person on notice of the need for further inquiry as to the cause of such condition."Hershberger, supra, first paragraph of syllabus and pp. 5-6. In the case before us, the propeller hub on the Joneses' aircraft cracked and split apart during flight, causing the aircraft to crash. Surely this put a reasonable owner on notice that there was a need for further inquiry as to the cause of the propeller hub's having cracked and split apart. In my view, this was sufficient to start the running of the statute of limitations at that time, and the trial court correctly determined that the Joneses' claims were barred by the statute of limitations.
Accordingly, I join in overruling the Fourth Assignment of Error. I concur in the majority's reasoning with respect to the other assignments of error, and I concur in the judgment affirming the judgment of the trial court.
Copies mailed to:
Alfred J. Weisbrod
Craig D. Andrews
Hon. Robert J. Lindeman