DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Bonnie Zlocki, appeals from the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of Appellees, Akron General Medical Center, et al. This Court reverses.
 I. {¶ 2} This case arises from a sequence of surgeries and treatments that began in January 2002. On January 23, 2002, Appellee, Dr. Sue Espinal, performed a video laparoscopy of Appellant's ovaries. Appellant returned to Dr. Espinal's office on February 4, 2002 for a post surgical follow up wherein she complained of severe abdominal pain. Appellant was assured that this pain was normal. Appellant again returned to Dr. Espinal's office on February 10, 2002 wherein she complained of extreme abdominal pain. At this time, she was informed that she was experiencing a problem with her bowels. Appellant underwent surgery on February 12, 2002 to repair her small bowel. Appellant then returned to Appellees' office for the last time on March 4, 2002. During this visit, Appellant learned that her abdominal pain and the injury to her bowel were caused by a rogue staple from the January 23, 2002 surgery that had looped her bowel.
 {¶ 3} Appellant originally commenced this matter against Appellees, Akron General Medical Center ("Akron General"), Dr. Robert Thomas and Dr. Espinal, in May of 2003. She voluntarily dismissed the action and refiled it against these same parties in December of 2004. In March of 2005, Appellees Akron General and Dr. Thomas filed a motion for summary judgment in which they argued that Appellant's action accrued on February 12, 2002, the date on which she learned that she was injured while a patient at Akron General. Appellees reasoned that Appellant had until February 12, 2003 to either commence the action or send a 180-day letter to Appellees to extend the statute of limitations. Appellees argued that because Appellant sent her 180-day letter on February 21, 2003, the action was barred by the statute of limitations. Appellant responded in opposition to the motion but did not attach documentation (i.e. affidavits, discovery responses) to the responsive brief. On August 5, 2005, the trial court granted Appellees' motion. The trial court entered judgment on this motion on August 10, 2005. Appellant timely appealed from this judgment entry, raising one assignment of error for our review.[1]
 II. ASSIGNMENT OF ERROR
"APPELLEES' AKRON GENERAL MEDICAL CENTER AND ROBERT THOMAS, D.O. MOTION FOR SUMMARY JUDGMENT WAS GRANTED IN ERROR BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST AS TO THESE [APPELLEES], REASONABLE MINDS CAN COME TO MORE THAN JUST ONE CONCLUSION, AND [APPELLEES] ARE NOT ENTITLED AS A MATTER OF LAW TO JUDGMENT IN THEIR FAVOR. ORCP 56."
 {¶ 4} In her assignment of error, Appellant claims that the trial court erred in granting summary judgment in favor of Appellees Akron General and Dr. Thomas. She contends that genuine issues of material fact remain regarding the accrual date of her action and that reasonable minds could reach more than one conclusion regarding the operative date. We agree.
 {¶ 5} This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party.Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948.
 {¶ 6} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 7} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 8} The statute of limitations for a medical malpractice claim in Ohio in effect at the time of these events provided in pertinent part:
"[A]n action upon a medical * * * claim shall be commenced within one year after the cause of action accrued, except that, if prior to the expiration of that one-year period, a claimant who allegedly possesses a medical * * * claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given." R.C.2305.11(B)(1). (Pre-Apr. 11, 2003).
 {¶ 9} The Ohio Supreme Court has stated that a cause of action in a medical malpractice claim accrues and the statute of limitations commences to run upon the discovery by the patient, or the point when, in the exercise of reasonable care and diligence, the patient should have discovered, the resulting injury. Oliver v. Kaiser Community Health Found. (1983),5 Ohio St.3d 111, syllabus; Frysinger v. Leech (1987),32 Ohio St.3d 38, paragraph one of the syllabus.
 {¶ 10} In Hershberger v. Akron City Hosp. (1987),34 Ohio St.3d 1, the Ohio Supreme Court clarified the date of accrual of medical malpractice causes of action pursuant to discovery of the injury by the patient:
"[T]he trial court must look to the facts of the particular case and make the following determinations: when the injured party became aware, or should have become aware, of the extent and seriousness of his condition; whether the injured party was aware, or should have been aware, that such condition was related to a specific professional medical service previously rendered him; and whether such condition would put a reasonable person on notice of need for further inquiry as to the cause of such condition." Id. at syllabus.
 {¶ 11} The Ohio Supreme Court in Allenius v. Thomas (1989),42 Ohio St.3d 131, further held that the patient's awareness of the "extent and seriousness of his condition" must be ascertained by reference to a "cognizable event." Id. at syllabus. Such a "cognizable event" is an occurrence "which does or should lead the patient to believe that the condition of which the patient complains is related to a medical procedure, treatment or diagnosis previously rendered to the patient and where the cognizable event does or should place the patient on notice of the need to pursue his possible remedies." Id. Identification of such a cognizable event "imposes upon the plaintiff the duty to (1) determine whether the injury suffered is the proximate result of malpractice and (2) ascertain the identity of the tortfeasor or tortfeasors." Flowers v. Walker (1992), 63 Ohio St.3d 546, syllabus. Thus, once a patient becomes aware of an injury, it is incumbent on that individual to investigate his or her case completely.
 {¶ 12} In support of their motion for summary judgment, Appellees relied upon Appellant's responses to discovery requests, case law, a February 2, 2005 letter from Appellant's counsel to Appellees' counsel, and a February 21, 2003 letter from Appellant's counsel to Appellee Akron General in which he informed Akron General that Appellant intended to file an action against it and that she was extending the time by which she had to file the action by 180 days.
 {¶ 13} The trial court held that summary judgment was appropriate because Appellant's action was barred by the one year statute of limitations for medical malpractice actions. In reaching this decision, the trial court relied entirely upon Appellant's response to an interrogatory which asked: "State the exact date, time and location wherein you first discovered that you had been injured while a patient of these Defendants." To this inquiry, Appellant responded: "February 12, 2002 at Akron General Hospital." The trial court interpreted this answer as unequivocally establishing the accrual date for statute of limitations purposes (i.e. the date on which Appellant discovered her injury). In light of this determination, the trial court held that Appellant could extend the statute of limitations by providing a 180-day letter before February 12, 2003. The trial court found that Appellant's 180-day letter, dated February 21, 2003, was filed beyond the expiration of the statute of limitations.
 {¶ 14} Appellant asserts that the trial court erred in granting summary judgment in favor of Appellees because genuine issues of material fact exist regarding when Appellant's cause of action accrued. Specifically, Appellant contends that the trial court erred in finding that February 12, 2002 was the effective date when the cause of action accrued.
 {¶ 15} Appellees rely heavily upon Appellant's interrogatory response to support their argument that February 12, 2002 is the cognizable date. Construing the evidence in the light most favorable to Appellant, we find that her interrogatory response is subject to multiple interpretations and is not, therefore, dispositive of the accrual date. On February 12, 2002, Appellant learned that she had suffered an injury to her bowel. Dr. Espinal had performed laparoscopic surgery on her ovaries three weeks beforehand. Because the surgery and the later injury involved two different parts of her body, Appellant's response could reasonably be interpreted in at least two ways: (1) as the date on which she realized that she had suffered an injury to her bowels or (2) as the date on which she learned that this injury was a result of Appellees' medical services. Appellees have not established that, on February 12, 2002, Appellant was aware or should have been aware that her bowel condition was related to Appellees' medical services. Hershberger, 34 Ohio St.3d at syllabus. We find, therefore, that reasonable minds could reach more than one conclusion regarding the accrual date of this injury, and accordingly Appellees have not met their initial burden of demonstrating the absence of a genuine issue of material fact regarding this date. Dresher,75 Ohio St.3d at 292-93. Appellant's assignment of error is sustained.
 {¶ 16} Appellant additionally contends that Appellees made a clerical error in their motion that they failed to correct and that the trial court erred in granting summary judgment in light of this error. However, because we sustain Appellant's assignment of error, we need not address this argument.
 III. {¶ 17} Appellant's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
Carr, J. Concurs.
[1] Although Appellant has alleged two assignments of error, she has only set forth a statement of her first assignment of error. We will, therefore, address Appellant's arguments under one assignment of error.