[Cite as *Garcia v. Parenteau*, 2017-Ohio-8519.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

LUCIANO GARCIA, ET AL.,

    PLAINTIFFS-APPELLANTS,

        CASE NO. 5-17-13

    v.

GARY J. PARENTEAU, M.D., ET AL.,        O P I N I O N

    DEFENDANTS-APPELLEES.

**Appeal from Hancock County Common Pleas Court**
**Trial Court No. 2014-CV-0360**

**Judgment Affirmed**

**Date of Decision: November 13, 2017**

APPEARANCES:

    *Tim Van Eman* **for Appellants**

    *Martin T. Galvin and Donald J. Moracz* **for Appellees**

**WILLAMOWKSI, J.**

{¶1} Plaintiffs-appellants Luciano Garcia ("Luciano") and Nora Garcia ("Nora") appeal the judgment of the Court of Common Pleas of Hancock County for granting the defendants-appellees' motion for summary judgment. In particular, Luciano and Nora argue that the trial court erred by (1) finding that Dr. David J. Meier, M.D. ("Dr. Meier") and Luciano did not have a physician-patient relationship and (2) determining that the plaintiff-appellants filed their complaint against Dr. Meier and Blanchard Valley Medical Associates, Inc. ("BVMA") outside of the time period permitted under the statute of limitations for medical-malpractice claims. For the reasons set forth below, the judgment of the lower court is affirmed.

*Facts and Procedural History*

{¶2} On October 4, 2012, Dr. Gary L. Parenteau, M.D. ("Dr. Parenteau") performed a coronary artery bypass surgery on Luciano at the Blanchard Valley Hospital. Doc. 1, 17. On July 23, 2014, Luciano and Nora filed a complaint with the Hancock County Court of Common Pleas, alleging that Dr. Parenteau and Cardiac, Vascular, and Thoracic Surgery of Northwest Ohio had committed medical malpractice. Doc. 1. On December 17, 2014, Luciano and Nora filed an amended complaint that sought to add Dr. Michael R. Denike, D.O. ("Dr. Denike") and Specialty Physicians of Blanchard Valley, LLC as defendants to this action. Doc.

26. On December 11, 2015, Luciano and Nora filed a second amended complaint that sought to add Dr. Meier and BVMA as defendants to this action. Doc. 63.

{¶3} On December 21, 2015, Dr. Meier and BVMA filed an answer to the plaintiffs' second amended complaint in which they raised the affirmative defense of the statute of limitations. Doc. 69. On February 25, 2016, Dr. Meier and BVMA filed a motion for summary judgment, arguing that the plaintiffs had not filed the second amended complaint within the period allowed under the statute of limitations. Doc. 78. Dr. Meier and BVMA also argued that no physician-patient relationship had been formed between Dr. Meier and Luciano. Doc. 78. On October 24, 2016, the trial court granted this motion for summary judgment. Doc. 116. In this order, the trial court determined that no physician-patient relationship had been formed between Dr. Meier and Luciano. Doc. 116. As a result, the trial court found that Dr. Meier had no professional duty to Luciano and could not have, therefore, been liable of the medical malpractice claim in Luciano's complaint. Doc. 116. The trial court also found that the statute of limitations barred this claim. Doc. 116.

{¶4} Luciano and Nora filed notice of appeal on June 8, 2017. Doc. 165. On appeal, plaintiffs raise the following two assignments of error:

**First Assignment of Error**

**The trial court erred by finding that no physician-patient relationship existed between Mr. Garcia and Dr. Meier.**

**Second Assignment of Error**

**The trial court erred by finding that Plaintiffs' claims against Meier and BVMA were not filed within the statute of limitations set by R.C. 2305.113(A).**

For the sake of analytical clarity, we will begin with the second assignment of error and then proceed to the first assignment of error.

*Second Assignment of Error*

{¶5} In their second assignment of error, Luciano and Nora argue that the trial court erred in determining that the statute of limitations had run by the time they filed their second amended complaint. In its order, the trial court determined that the one-year statute of limitations began to run in September 2013, which is when Luciano became aware that he might have grounds to file a medical malpractice claim. The appellants, however, argue that the statute of limitations should not have begun to run until they discovered Dr. Meier's involvement with this process on May 6, 2015.

Legal Standard

{¶6} Under R.C. 2305.113(A), "an action upon a medical, dental, optometric, or chiropractic claim shall be commenced within one year after the cause of action accrued." R.C. 2305.113(A).

> **A cause of action for medical malpractice accrues, and the one-year statute of limitations commences to run when the patient discovers, or in the exercise of reasonable care and diligence should have discovered, the resulting injury or when the physician-patient relationship for that condition terminates, whichever occurs later.**

-4-

*Wade v. Lima Mem. Hosp*., 2015-Ohio-929, 28 N.E.3d 161, ¶ 18 (3d Dist.), quoting

*Josolowitz v. Grant/Riverside Methodist Hosp. Corp*., 10th Dist. Franklin No.

99AP-1462, 2000 WL 861836, *2 (June 29, 2000).

{¶7} In making the determination as to when the statute of limitations began

to run, courts must examine

> **the facts of the case in order to find (1) when the injured party
> became aware, or should have become aware, of the extent and
> seriousness of his condition, (2) whether the injured party was
> aware, or should have been aware, that the condition was related
> to a specific medical service previously rendered him, and (3)
> whether the condition would put a reasonable person on notice of
> the need for further inquiry as to the cause of the condition.**

*Pearsall v. Guernsey*, 3d Dist. Hancock No. 5-16-25, 2017-Ohio-681, --- N.E.3d --

-, ¶ 11, quoting *Tausch v. Riverview Health Inst*., 187 Ohio App.3d 173, 2010-Ohio-

502, 931 N.E.2d 613, ¶ 39 (2d Dist.), citing *Hershberger v. Akron City Hosp*., 34

Ohio St.3d 1, 516 N.E.2d 204 (1987).

{¶8} The first prong of this analysis involves the finding of a "cognizable

event," which "is the occurrence of facts and circumstances which lead, or should

lead, the patient to believe that the physical condition or injury of which she

complains is related to a medical diagnosis, treatment, or procedure that the patient

previously received." *Flowers v. Walker*, 63 Ohio St.3d 546, 549, 589 N.E.2d 1284,

1287 (1992).

> **Moreover, constructive knowledge of facts, rather than actual
> knowledge of their legal significance, is enough to start the statute
> of limitations running under the discovery rule. A plaintiff need**

**not have discovered all the relevant facts necessary to file a claim in order to trigger the statute of limitations. Rather, the "cognizable event" itself puts the plaintiff on notice to investigate the facts and circumstances relevant to her claim in order to pursue her remedies.**

(Citations omitted). *Id*. at 1287-1288.

Legal Analysis

**{¶9}** In this case, the medical procedure that gave rise to this action occurred on October 4, 2012. Doc. 1. However, in medical malpractice claims, the statute of limitations does not begin to run pursuant to the discovery rule until a cognizable event puts the patient on notice that malpractice may have caused him or her to suffer injury. In this case, the complaint that Luciano and Nora filed on July 23, 2014, alleged that "Plaintiffs did not and could not discover Defendants [sic] malpractice until, at the earliest, September 2013." Doc. 1. Thus, according to the plaintiffs, the cognizable event occurred in September of 2013.

**{¶10}** While the July 23, 2014 complaint was filed within one year of the cognizable event, Dr. Meier and BVMA were not named as defendants in this initial complaint. Doc. 1. Rather, Dr. Meier and BVMA were not named as defendants in this action until December 11, 2015, which is when the plaintiffs filed a second amended complaint. Doc. 63. The second amended complaint was filed over two years after the statute of limitations began to run in September of 2013. Thus, the complaint naming Dr. Meier and BVMA as defendants was not timely filed within the one-year time period allotted under R.C. 2305.113(A).

{¶11} Luciano and Nora argue that the statute of limitations, as to Dr. Meier and BVMA, should not have begun to run until they became of aware of the fact that Dr. Meier had, in some form, been involved in Luciano's treatment. Since they became aware of Dr. Meier's involvement during a deposition of Dr. Denike on May 6, 2015, they argue that their second amended complaint was filed within one year of discovering Dr. Meier's involvement and, thus, filed within the applicable statutory time period. In so doing, the plaintiffs seek to make the discovery of facts regarding Dr. Meier and BVMA's involvement in Luciano's treatment the point of reference for the statute of limitations in this case.

{¶12} The discovery rule, however, operates with the cognizable event being the relevant point of reference for the statute of limitations. The cognizable event triggers the statute of limitations at the time the plaintiff becomes aware that a medical malpractice claim exists. The cognizable event is not the discovery of relevant facts later in the process of investigating the medical malpractice claim. Further, the statute of limitations begins to run regardless of whether the plaintiff pursues remedies for his injuries or chooses to be dilatory in determining whether a viable malpractice claim exists. The responsibility of timely further investigation rests with the patient.

{¶13} In this case, Luciano became aware that grounds may exist for a medical malpractice claim in September 2013. This cognizable event triggered the statute of limitations, giving Luciano and Nora one year from September 2013 to

file a medical malpractice claim. The second amended complaint was filed more than one year after the cognizable event. Thus, the trial court did not err in determining that the action filed against Dr. Meier and BVMA was barred by the statute of limitations and did not err in granting summary judgment in favor of Dr. Meier and BVMA. For this reason, the appellants' second assignment of error is overruled.

*First Assignment of Error*

**{¶14}** Since the second assignment of error, which addresses whether the complaint against Dr. Meier and BVMA was filed within the statute of limitations, has been overruled, the question raised under the first assignment of error, which concerns whether Dr. Meier and Luciano formed a physician-patient relationship, is moot. For this reason, this Court declines to address these issues pursuant to App.R. 12(A)(1)(c).

*Conclusion*

**{¶15}** Having found no error prejudicial to the appellants in the particulars assigned and argued, the judgment of the Hancock County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and SHAW, J.J., concur.**

**/hls**